Joseph Pottee, J.
This is a proceeding by certiorari under chapter 269 of the laws of 1880, to review and correct an alleged erroneous assessment of the tax against the above respondent’s property.
1 have examined the proof taken by the referee in this matter, in connection with the allegation of the petition upon which the writ was granted, and the re *4 turn of the respondents with such degree of care as the time at my disposal would permit.
I have been very materially assisted in the work by the thorough and able brief of counsel.
The statute under which the proceeding is had, imposes a very delicate and embarrassing duty upon the court; as its title indicates, it casts upon this court the duty of reviewing and correcting illegal, erroneous and unequal assessments.
The complaint in this case is that the assessment is erroneous.
This is more embarrassing ordinarily than to simply pass upon the illegality of a tax, or to determine, whether an assessment is unequal. The court cannot, when the assessment is claimed to be erroneous, avoid reviewing the estimates of value and the judgment of the individuals who are, or shall be, selected by the electors of the town to assess the property of the town, on account of their fitness and qualifications to make a just, correct and impartial estimate and assessment.
The statute has specified the time and manner of assessing the property of individuals and corporations.
The test which the statute has prescribed in determining the value of property to be assesssd by the assessors is, except when it is otherwise specifically required by law, that the property of individuals and corporations shall be estimated at its full and true value as the same would be appraised in payment of a just debt due from a solvent debtor. The legislature, in order to remind the assessors of this rule of valuation, and to secure its observance, require that the assessors shall verify the assessment roll by incorporating that rule of valuation in their affidavit to be annexed to the assessment roll. The court has not been furnished with the assessment roll complained of, nor with a copy of it, or the affidavit annexed. The presumption is that the affidavit annexed to the assess *5 ment roll, in this case, conformed to the statute in that respect.
The relator was assessed for its real estate situated in the town of Burke, at the sum of $80,000 for the year 1881, and it is that assessment which is to be reviewed in this proceeding.
The petition on which the writ was issued contains the distinct averment upon information and belief that the full and true value of its real estate in the town of Burke, on July 1, 1881, as it would be appraised in payment of a just debt from a solvent debtor, did not exceed forty thousand dollars. The return made by the respondents does not contain a square and unequivocal denial of that averment.
The answer of the return to that averment is a denial that they “have assessed the real property of the relator at an over valuation of $40,000, or that they have assessed said real property at more than its true and real valuation.” The return nowhere alleges that the assessors have estimated and assessed the real property of the relators at its full and true value as they would appraise the same in payment of a just debt due from a solvent debtor.
The insufficiency of the denial is rendered more apparent from another portion of the answer, which is in this language:
“We further return that the real and personal estate assessed upon said assessment roll, other than that of the said petitioner, was assessed by us at its full and true value, as it would and ought to be appraised in payment of a just debt from a solvent debtor, and we deny that said property, the real estate of this relator, has been or was assessed at less than its full value as aforesaid.”
It may well be argued from the answer, that while it avers that the assessment upon the property of the taxable inhabitants was according to its full and true| *6 value, as it would be appraised ia payment of a just debt from a solvent debtor, the property of the relator was not so estimated and assessed, but was estimated and assessed according to its full and true value in the judgment and belief of the assessors; but I am not disposed to hold that the denial was insufficient by design, though it is a fit place for such design to lurk in, but to decide the case upon the evidence, rather than upon the pleading, as contained in the petition and answer.
The positions occupied by the contestants are practically these: That the relators contend the value should be determined mainly, if not altogether, from the productiveness of its use for the purpose for which it was organized, and the respondents contend that its value is to be determined by its cost. Neither contention is absolutely correct. The true rule involves both elements in some degree, and perhaps other considerations.
To take the cost of a piece of real estate as a criterion of its value, in very many cases, Avould be unwise and oppressive as the basis of taxation.
Many pieces of real estate costing large sums of money, and at one time possessing great value, have within the space of a few years ceased to have any considerable value or to be for any purposes desirable. Dependent almost entirely upon the pleasure or profitableness of its use, or in other words to what extent it comes up to the standard of value contended for by the relator. Very many costly structures, and rarely any more so than railroad structures, have totally failed to pay any interest or income upon their costs, or even to pay current expenses. Factories, mills, hotels and private residences are instances of this kind to be found almost everywhere. To ascertain the true taxable value of many kinds of property requires the exercise of a good degree of intelligence and of broad and sound judgment.
*7 The taxable value of a railroad should not be determined alone by the long, narrow strip of land for farming or any other purpose except its use for the bed of a railroad. Nor should the portion of a railroad situated in a particular town be estimated by the cost of any expensive rock cut, or quicksand filled, or a long tunnel located in that town. It should be valued as a part of a whole, a continuous way to carry passengers and freight from one commercial business point to another, and the profits of its use for that purpose. People ex rel. Buffalo &c., R. R. Co. v. Fredericks, 48 Barb. 173; affd in 48 N. Y. 70 ; People ex rel. N. Y. Elevated R. R. Co. v. Commissioners, of N. Y., 19 Hun, 460; affd. in 82 N. Y. 459.
The consideration of profits should have a large, if not controlling influence upon the value of almost everything, except when considerations of taste or pleasure or comfort are involved. A thing to be worth its cost, must be able to pay out of the profits from its use and enjoyment, an income bearing some relation to the interest due from an investment or loan of a sum of money equal to such cost, and over and above the loss by wear or waste.
The test required by the statute above referred to in estimating and assessing the value of the property for the purpose of taxation, is a good illustration of the correctness of the rule as above stated. The value of the property is to be measured and determined by the amount of debt against a solvent debtor that the property is the equivalent of, or, in shorter phrase, the amount of money the property would sell for at a fair, free and well-advertised sale. The price it would bring would largely depend upon the use to which it could be applied, and the profits of such use. The statute has another rule which shows that it is not the cost alone of real estate that is to be considered in estimating and assessing values. Every corporation is *8 required to make a report of the cost of its real estate, and that cost is to be deducted from the amount of the capital of the corporation required to be assessed. Now the assessors of the town where the real estate is located are required to assess such real estate, not at what it cost, but as the real estate of individual inhabitants of the town is assessed (People ex rel. Citizen’s Gas-Light Co. v. Assessors of Brooklyn, 39 N. Y. 81; 2 Laws of 1857, ch. 456).
The proof is clear and conclusive in this case that the real estate of the relators in the town of Burke does not and has not, for the last four years past, paid a net income of six per cent, upon $30,000, indeed, calling the real estate worth $40,000, it has paid but about four per cent. I think it is quite clearly and satisfactorily established by the evidence in this case that the cost of the real estate in the town of Burke was less than $80,000, and there is no doubt whatever with the depreciation and the appreciation existing when this assessment was made, it was worth less than $80,000.
I have been reluctant to come to a conclusion different from that of the assessors. I presume that they are as they should be, intelligent and just-minded men, but I am constrained by the evidence in this cas» to conclude that their assessment was erroneous.
Doubtless if the evidence that has been presented to the court had been presented to them, their assessment would not have been erroneous, for their return shows that they had no evidence before them, and that the relator did not furnish them any evidence upon the subject of value. They acted and were obliged to assess upon their own judgment, and without such evidence as is now furnished. Under these circumstances the respondent should not be adjudged to pay costs, and no costs will be allowed to either party against the other. ■
*9 The respondents filed exceptions and appealed to the general term, where the following opinion was rendered.
John P. Badger, for appellants.
Louis HasbroucJc, for respondents.
By the Court.*—Bockes, J.
The duty devolving upon the court to correct assessments made by assessors of towns, is, as stated by the learned judge at special term, a delicate and embarrassing one. As a general rule, the assessors are much better able to equalize assessments and make them fair and just upon and among the property owners of the town, than the court can be on the proceedings and evidence brought before it for the purpose of making corrections. Concede to those officers honesty and intelligence, and great if not controlling weight should be given to their actions and conclusions. Still they may and doubtless often do commit errors without the least dishonesty of purpose, and when it can be made plainly to appear that an error has been committed, the court must, as in other cases of error over which it has supervisory power, exercise its power of correction.
This case presents great embarrassments on the facts laid before the court. The grounds of the estimate of value are various and complicated. Based on the estimate of value as presented to us by the appellants’ counsel, which is not absolutely without support on the proof, and the assessors’ valuation would not seem contrary to law, or in any respect unjust; so on the other hand the estimate submitted by the respondents’ counsel, would seem to sustain his view, which received, in effect, the sanction of the special term. For myself, I have studied the case with diligence, and have reached the conclusion that the valua *10 tion pufc upon the respondents’ property, subject to assessment in the town, was too high, and that it was properly reduced to the extent as stated in the order appealed from. I reach such conclusion substantially on the grounds and line of reasoning certified to us in the opinion of the learned judge who decided the case at special term, and no suggestions occur to me to be added to that opinion.
The learned judge adopted the true principle of valuation as established by the decisions; and, giving it due application to the facts as certified to the court in the record, his conclusion is, as I think, sound. I am, therefore, in favor of affirming the order appealed from, and substantially on the grounds stated in the opinion of Mr. Justice Potter.
Some exceptions are taken and urged by the appellants1 counsel to the admission of evidence on the examination of the case before the referee appointed to take the testimony, but we find no grounds for a reversal of the order based-on those alleged errors.
Order affirmed with costs of appeal against the appellants.*

 Present, Leashed, P. J., Westbhook and Bocees, JJ.

 The appellants (the respondents in the certiorari) appealed to the Court of Appeals, where their appeal was dismissed April 34, 1888, on the ground, I understand, that the controversy involved less than