34 321
126a 178

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE ALBANY AND GREENBUSH BRIDGE COMPANY, RESPONDENTS, v. WILLIAM J. WEAVER AND OTHERS, THE BOARD OF ASSESSORS OF THE CITY OF ALBANY AND OTHERS, APPELLANTS.

*Assessment — how the value of property used for business purposes is to be determined.*

Although in determining the value of real estate used for business purposes, for the purposes of taxation, the cost of creating it may be considered, yet the more controlling consideration is its earning capacity.

APPEAL from an order of the Special Term correcting an assessment made in 1883 against the relator, and reducing it for over valuation from $225,000 to $110,000.

The board of assessors first made the assessment at $280,000. The relator applied to the board pursuant to chapter 86, Laws of 1850, entitled "An act to provide for the assessment and collection of taxes in the city of Albany," as amended by chapter 284, Laws of 1881, to review the assessment and to reduce it to $110,000. The board of assessors took the proofs offered by the relator and reduced

**322 PEOPLE ex rel. ALBANY & G. B. CO. v. WEAVER.**

THIRD DEPARTMENT, NOVEMBER TERM, 1884.

the assessment to $225,000, and refused to make any further reduction. A writ of *certiorari* was allowed upon the application of the relator under chapter 269, Laws of 1880, entitled "An act to provide for the review and correction of illegal, erroneous or unequal assessments."

The Special Term upon the hearing upon the return to the writ, which brought up the proofs taken before the assessors, further reduced the assessment to $110,000. The assessors appeal.

*S. W. Rosendale,* for the appellants.

*E. Countryman,* for the respondents.

LANDON, J. :

The appellants claim that the writ of *certiorari* in this case could not be allowed under chapter 269, Laws of 1880, for the reason that since the passage of that act, the board of assessors of the city of Albany have been practically constituted a court, for the purpose of hearing and determining upon proofs adduced the application of any person who shall apply to them " to reduce the value of his real and personal estate as set down in the assessment-roll." (Chap. 284, Laws 1881, amending chap. 86, Laws of 1850, relating " to the assessment and collection of taxes in the city of Albany.") The amendment made to section nine of the act does indeed make it the duty of the board to examine the applicant under oath, and to receive such other supplementary evidence given under oath as the applicant may present, after which they shall fix the value at such sum as they shall deem just, that is, personal estate at its full value, and real estate " at its full value as they would appraise the same in the payment of a just debt due from a solvent debtor." This amendment substitutes the judgment of the board of assessors after hearing evidence in the matter of reducing the value of assessed property, for the amount fixed in the affidavit of the applicant.

Nevertheless, the assessors may still err in their judgment or in their action, and we find nothing in this amendment which ought to deprive the relator of the right to the review of an assessment which is " illegal, erroneous or unequal," given by chapter 269, Laws of 1880, in much broader terms than by the Code of Civil Procedure (§ 2140). (*People ex rel. U. and D. R. R. Co.* v.

*Smith,* 24 Hun, 66.) The learned judge at Special Term had the duty cast upon him of reviewing the assessment upon. the evidence. It was not simply the question whether the assessors had kept within their jurisdiction, or whether they had acted honestly and according to their best judgment, but whether their judgment was right. He examined the evidence with his usual care, and came to the conclusion that the assessors had erred. That testing the value of the relator's property by the rule prescribed by the statute, namely, "at its full value as they would appraise the same in payment of a just debt due from a solvent debtor," they had overvalued it.

The property in question is business property, created for the purpose of earning money. With respect to such property this court has decided that in ascertaining its "full value" its cost may be considered, but the more controlling consideration is its earning capacity. (*People ex rel. Ogdensburgh, etc., R. R. Co.* v. *Pond,* 13 Abb. N. C., 1.) In the present case, the court considered its original cost, and what it would cost to recreate it at the present reduced prices of material and labor. It also considered the fact that its cost was enhanced to fit it for railroad service, an expected source of business which was not secured, and which now seems to be permanently lost. The bridge has been doing all the business offered, for a sufficient length of time, to afford a fair test of its earning capacity. Under such circumstances it seems to be just to give controlling weight to its earning capacity. This the court did, and we are satisfied that a proper result was reached.

The order is affirmed, with costs of appeal against the appellants.

LEARNED, P. J., and FISH, J., concurred.

Order affirmed, with costs.