THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE WALLKILL VALLEY RAILROAD COMPANY, Respondents, v. NATHAN KEATOR and Others, Assessors, etc., and Others, Appellants.

THE SAME v. ABRAM P. KEATOR and Others, Assessors, etc., and Others, Appellants.

*Proceedings to review erroneous assessments — 1880, chap. 269 — the earning capacity of real estate is a test of its value — review of a decision of the Special Term on appeal — how objections to the reception of evidence should be stated — erroneous admission of evidence — when the decision will not be reversed therefor.*

In proceedings instituted under chapter 269 of 1880, to review an assessment of real estate belonging to the relator, it is proper to make the test of the value of the property for assessment for the purposes of taxation, to consist in its earning capacity, rather than to adopt for that purpose the cost of its construction, not that its earning capacity should be taken as an absolute test of its value, but that it should be treated as an element in the problem, and as a safer and more just guide than is the cost of construction.

This is especially the case when estimating the value of the real estate of a railroad, when the road is of small intrinsic value as compared with its original, actual cost.

In such cases the General Term will not reverse the decision of the Special Term for an error of fact, unless it can clearly see and is able to show that the finding is opposed to the preponderance of the evidence.

Where evidence is admitted by the referee, against the objections of either party, and it does not appear that upon the hearing before the Special Term any motion was made by the party aggrieved to strike out or expunge the evidence so objected to, or that the judge was called upon to pass upon its admissibility, or that he made any ruling in regard to it, the objections will be deemed to have been waived, and the ruling of the referee thereon cannot be reviewed upon appeal.

The powers conferred by the act of 1880 are not to be limited or trammeled by an application of the strict legal rules which prevail on trials and proceedings in courts of law, and a decision will not be reversed for the erroneous admission of evidence, unless it can be seen that the improper evidence which was received was actually influential in the determination of the case.

The admission of irrelevant and immaterial evidence will only be treated as error when it can be seen to have worked harm to the party objecting to it.

In such proceedings it is proper to receive in evidence conveyances of other property as establishing presumptively the prices for which it had been sold, and also estimates as to its value, made as a basis for procuring loans or placing insurance upon it.

PEOPLE ex rel. RAILROAD CO. v. KEATOR.    593

THIRD DEPARTMENT, MAY TERM, 1885.

APPEAL from a judgment, entered upon a decision made at a Special Term in proceedings brought to review the assessment of the relator's real estate by the appellants.

*A. T. Clearwater*, for the appellants.

*P. Cantine*, for the respondent.

BOOKES, J.:

This proceeding was taken under and pursuant to chapter 269 of the Laws of 1880, to review an assessment of the relator's real estate, made for the purpose of taxation by the assessors of the town of Rosendale, in the county of Ulster.

The case comes before the court on an appeal from the judgment of the Special Term, based on returns to a *certiorari* made by the respective officers to whom the writ was directed, with testimony relating to the subject taken before a referee, as authorized by section four of that act, which section provides that such testimony shall constitute a part of the proceedings upon which the determination of the court shall be made. (*The People ex rel. U. and D. R. R. Co.* v. *Smith*, 24 Hun, 65.) No point is now urged against the proceeding because of any irregularity in it prior to the taking of testimony before the referee, but the case is argued and submitted on the merits, with some objections to rulings on questions of evidence. A great mass of testimony was taken by the referee and laid before the court for its consideration in determining the question whether the relator's property was unfairly assessed; that is, assessed at a higher proportionate value than other property appearing on the assessment-roll. This question is within the purview of the act of 1880, which has in view the redress of an injury occasioned by an "illegal, erroneous, or *unequal* assessment" made for the purpose of taxation. (Secs. 1, 8 )

The proof submitted was diffuse and elaborate in a very great degree, if not to excess. It varied in kind and cogency extending, as it would seem, to every point of possible materiality. It consisted of the opinion of witnesses on estimates of value as to various pieces of property, such as farms, large and small; village property, consisting of dwellings and small lots; properties used in various industries; also railroad property and the expense of its construc-

**594** PEOPLE ex rel. RAILROAD CO. *v.* KEATOR.

THIRD DEPARTMENT, MAY TERM, 1885.

tion and use; the productive qualities of the various kinds of property; also the prices for which property had been sold and conveyed, as evidenced by actual contracts of sale and by deeds of conveyance to purchasers; expenses incurred in building; reputation of value as a basis for securing loans and making insurance in so far as such evidence was admitted; and also prepared and verified tables of value — from all this proof the Special Term was required to determine the fact of the fair and just value of the property in question as compared with other property on the assessment-roll of the town. On this great volume of proof, extensive in scope and varied in character, the learned judge found in favor of the relator. He found that the defendants (assessors) had valued and assessed on the assessment-rolls the relator's real property at a higher proportionate valuation than they did the other real property in the town, to an extent causing injury to it for the year 1880 in the sum of $870.59, and ordered judgment because of such injury, as provided in the act under which the proceeding was taken. There is certainly much evidence in support of his conclusion. After a patient and, as is believed, a thoughtful examination of the testimony, we cannot say that his conclusion is wrong. Indeed, we think the proof made it quite apparent that the relator's property was valued and assessed quite too high as compared with other property on the roll, showing an "unequal assessment," deserving of and requiring correction. Of course we cannot say that the reduction was made exactly right, but we cannot say that it was actually wrong, which we should be able to do before ordering a reversal of the judgment. It does not appear that the Special Term violated any rule of law in reaching the conclusion declared in the record. There was no error in making the test of value of property for assessment to consist in its earning capacity, rather than to adopt for such purpose its cost of construction. So it has been decided. (*The People ex rel. Albany and Greenbush Bridge Co.* v. *Weaver*, 20 W. D., 565; *The People ex rel. Ogdensburgh and L. C. R. R. Co.* v. *Pond*, 13 Abb. N. C., 1; *The People ex rel. Buffalo and S. L. R. R. Co.* v. *Barker*, 48 N. Y., 70; *Smith* v. *The Mayor*, 68 id., 552, on page 555.) Not that the test of value should be absolutely its earning capacity, but that this would be an element in the problem, safer and

PEOPLE ex rel. RAILROAD CO. v. KEATOR.     595

THIRD DEPARTMENT, MAY TERM, 1885.

more just as a guide than its cost of construction, especially when estimating the value of a road of no great intrinsic value as compared with its original actual cost. (*The People ex rel. Albany and Greenbush Bridge Company* v. *Weaver and others, Assessors*, 34 Hun, 321.) Now, in this case, mathematical precision in determining the question before the court is simply impossible; at best there can be but an approximation to absolute right even under the most critical line of reasoning. In such case, when evidence is to be weighed and contrasted, the court of review will disturb a finding of fact certified to it only on clear conviction that the finding is erroneous. If we were to apply the test given by subdivision 5 of section 2140 of the Code of Civil Procedure in reviewing questions of fact to be determined on *certiorari*, we could not here reverse the judgment appealed from. Probably the section cited does not, however, have application to the case in hand. Still, before we should reverse because of an error in the finding of fact by the Special Term, we should clearly see and be able to show that the finding was against the preponderance of proof. This we are here unable to do. We are satisfied from the proof that with a view to a fair, just and equal assessment, the value of the relator's property set down on the roll should be reduced, and we are unable to say that the reduction determined upon by the Special Term was greater than it ought to have been to answer the ends of justice and right.

It is urged that error was committed in the admission of evidence offered and put in on the part of the relator. The evidence was taken by a referee for the use of the court on the hearing or trial of the case, and the rulings complained of were made by the referee. It does not appear that any motion was made to strike out or expunge the evidence challenged as objectionable; nor does it appear that the trial judge was called upon to pass upon its admissibility, or that he did, in fact, make any rulings in that regard. According to the principle of the decision in *Arnold* v. *Parmelee* (97 N. Y., 652), the rulings of the referee cannot be considered on this appeal. As there said, if the defendants had intended to rely upon the objections taken before the referee, it should have been so stated, and the judge at Special Term should have been called upon to make rulings as to the admissibility of the evidence by

**596** PEOPLE ex rel. RAILROAD CO. *v.* KEATOR.

THIRD DEPARTMENT, MAY TERM, 1885.

objecting to it, or by motion to strike it out. Not having done so, the objections must be deemed to have been waived. The record should show that the trial judge made the rulings complained of, or what would be equivalent to that, adopted as his own those made by the referee, in order to make them available as grounds of error on appeal. There is one instance where it may seem that the ruling was by the court. But in this instance we think the ruling was entirely right. In no other instance does it appear in the record that the court made a ruling on the admissibility of evidence or adopted the rulings made by the referee; and even in the instance cited, that the ruling was by the trial judge is rather a matter of inference than otherwise.

But it may be suggested that the case was considered before the trial judge as if the rulings by the referee were accepted and adopted by him; in view of which possible fact, and of the further fact that the appeal has been argued by counsel on that hypothesis, we are constrained not to hold the appellants concluded by the omission in the record alluded to.

Now this is a special proceeding — a proceeding authorized to be taken under a special statute. It is not an action or proceeding to be conducted according to the strict rules of the common law, either in the admission of evidence or otherwise.

It is like the case of the *People ex rel. Flanagan* v. *Board of Police Commissioners* (93 N. Y., 97). As there said in regard to that case, that having in view the special powers conferred and the purpose to be attained by the proceeding, it is not to be limited or trammeled by an application of strict legal rules which prevail on trials and proceedings in courts of law. Now if it can be seen that evidence that was harmful was received and was actually made influential in the determination of the case, then its admission and use would doubtless constitute substantial ground of error; not otherwise in a case like the present. On looking over the whole case we are satisfied that the result would not or should not have been different had the evidence, subject to just exception, been excluded. There is very little, if any, material evidence belonging to this class; and none, as we think, particularly and essentially influential in character. A very considerable portion of the evidence objected to we think was competent as bearing directly or

remotely upon the subject of inquiry; as one instance, the deeds of conveyance of sundry pieces of property, giving presumptively the consideration of the sales; also estimates as basis for security for loans and the placing of insurance in so far as this class of evidence was admitted. Most of the objections interposed, indeed nearly all of them, were for irrelevancy or immateriality. It is entirely manifest that the case is greatly incumbered with evidence objectionable in this respect; but the admission of irrelevant and immaterial evidence will be ground of error, even in common law actions, only where it can be seen to have worked harm — actually or presumptively — to the party objecting. Now no sterner rule should here obtain than that which prevails in a case of purely equitable character; in which cases reversals will not be ordered on account of the admission of irrelevant and immaterial evidence, unless the appellate court is satisfied that the decision of the judge who heard the case was improperly influenced by it. We are unable so to hold in this case. In conclusion, therefore, upon the point of alleged errors in the admission of evidence, we find no just ground which, in our opinion, requires that the judgment appealed from should be reversed.

This conclusion with that above reached on the merits of the case, on consideration of all the relevant proof, leads to an affirmance of the judgment.

The act under which this proceeding was taken exempts the officers proceeded against from costs unless it should appear to the court that they acted with gross negligence, in bad faith, or with malice. This exemption does not, as we think, have application in the case of an appeal by them like the present.

Judgment appealed from affirmed, with costs against appellants as in case of an appeal in a common-law action.

Present — LEARNED, P. J.; BOCKES and LANDON, JJ.

In each case order affirmed, with costs, as in common-law action.