Bockes, J.
—This case comes before the court upon the return to a writ of certiorari granted upon the petition of the relator to review I he decision of the State assessors upon an appeal taken by four supervisors of the city of Schenectady, from the equalization of assessments of that county made by its board, of supervisors.
The subject of the controversy herein was heard and determined by the State assessors after lull hearing before them on the proof submitted, and on the law applicable thereto. Its re-examination in this proceeding is controlled by the provisions of section 2140 of the Code of Civil Procedure. No point of error is here raised under either of the first three sub *367 divisions of that section. It is unquestioned (1) that the State assessors had jurisdiction of the subject-matter of their determination ; (2) that the authority conferred upon them bylaw in relation thereto was properly pursued ; and (3) that no rule of law affecting the rights of the parties was violated by them to the prejudice of the relator, in making, their determination. The case is, therefore, to be considered under the fourth and fifth subdivisions of the section cited.
The fourth subdivision authorizes an examination of the question “ whether there was any competent proof of all the facts necessary to be found, in order to authorize the making of the determination and by subdivision five, “if there was such proof, whether there was, upon all the evidence, such a preponderance of proof against the existence of any of those facts, that the verdict of a jury, affirming the existence thereof, rendered in an action in the supreme court, triable by a jury, would be set aside by the court, as against the weight of evidence.”
Now, as to subdivision four, it seems entirely clear that there was competent proof given before the State assessors, touching and tending to establish, all the facts necessary to be proved to authorize the making of their determination. This the case plainly shows ; and the contrary of this is not, as we understand it, argued by the relator’s counsel.
The real and only question, therefore, relates to the subject of “preponderance of proof;” which question is to be considered under the test declared by subdivision five, to wit: the test applied on a motion in this court to set aside the verdict of a jury as against the weight of evidence. If then there be evidence legitimately tending to support the determination as to all material facts, no rule of law having been violated, the determination must stand (People ex rel. Flanagan v. Police Comm’rs of N. Y., 93 N. Y. 97; *368 People ex rel. Hart v. Fire Comm’rs of N. Y., 82 N. Y. 358).
There was very clearly such evidence in this cas<>. The fact to be settled by the State assessors as a basis for their determination was the value of the real estate of the several towns and in the city. This being settled, it remained only to formulate their decision upon such basis. The value of property was the controlling subject of examination. Much evidence, and evidence differing in kind, character and cogency was given bearing on the subject. It was for the State assessors to consider the proof, and to give it such weight as, in their judgment, it was entitled to, and to certify their conclusion. This they have done, and we cannot say they have committed any error or mistake in that regard. Certain it is, that we cannot discover that there is a preponderance of proof against their conclusion. This must be made clearly to appear before we would be authorized to disturb their determination. As in the case of a verdict of a jury, it may be wrong, but it is not clearly shown not to be right on our consideration and estimate of all the proof.
The determination of the State assessors must he affirmed, with $50 costs and expenses for disbursements, against the relator.*

 Code Civ. Pro. § 2143.