Laweence, J.
This is a proceeding under chapter 269 of the Laws of 1880 to review an assessment made by the respond *247 cnts of the personal property of the relator for the purpose of taxation. Upon the trial before Hr. Justice Donohue, the prayer of the petitioner was denied and it was adjudged that the proceedings of the respondents, the Commissioners of Taxes and Assessments, be in all things affirmed.
Upon the taxation of the costs before the clerk, the counsel to the corporation claimed that the respondents were entitled to tax the same costs as are allowed upon the trial of an issue of fact. This claim was overruled on the ground that by the provisions of section 2143 of the Code of Civil Procedure, costs not exceeding $50 and disbursements may be awarded by the final order in certiorari proceedings in favor of and against either party in the discretion of the court, and that that section controls in this case. The respondents, however, rely upon sec. 6 of chap. 269 of the Laws of 1880 above referred to, which is as follows % “ Costs shall not be allowed against assessors or other officers whose proceedings may be reviewed under this act, unless it shall appear to the court that they acted with gross negligence, in bad faith, or with malice. If the writ shall be quashed or the prayer of the petitioner denied, costs shall be awarded against the petitioner, but the costs shall not in any case exceed the costs and disbursements.taxabie in an action upon the trial of an issue of fact in the Supreme Court" I think that the respondents are right in their contention. The section of the Code relied upon by the relator relates, it seems to me, to certiorari generally, but this is an excepted case under a special statute which provides a different rule for costs.
For these reasons, I think there should be a readjustment of the costs, and that the respondents should be allowed costs as in an ordinary action.