## PEOPLE ex rel. SODUS BAY, &c. R. R. CO. v. CHEETHAM.

*N. Y. Supreme Court, General Term, Fifth Department; June, 1887.*

1. *Taxes; corporate statement to assessors.*] Under 1 R. S., 414 § 22 R. S. 7 ed. 1036)—which requires officers of all moneyed or stock corporations, deriving income or profit from their capital, or otherwise, to make and deliver annually to the tax assessors, or one of them, of the town or ward in which such company is liable to be taxed, a written statement of taxable property,—the assessors to whom the statement is to be furnished, respecting real estate of a railroad company, are those of every town in which real estate of the company is situated.

The rule to this effect in People ex rel. Dunkirk, &c. R. R. Co. v. Cassity (46 *N. Y.* 46, 56), reaffirmed as an authoritative decision, and not a mere dictum.

2. *The same; omission to furnish corporate statement.*] The omission of a corporation to furnish such a statement, neither prevents assessors of a town from assessing corporation real estate within its limits, nor the corporation from appearing before them and asking that an erroneous assessment be corrected, and, if this be refused, from reviewing the proceedings by certiorari.

3. *Certiorari to review taxes.*] A certiorari to review an alleged erroneous assessment on the lands owned by one of two relators and occupied by the other as its tenant on terms of paying the taxes, should not be quashed on the ground that the former relator is not a proper

party. If this be an improper joinder, the remedy is by motion to strike out the party improperly joined.

4. *The same ; verification of petition.*] Under L. 1880, c. 269, § 1,— requiring simply that the petition for certiorari to review a tax assessment "be duly verified,"—the form required for pleading is not imperative ; and a verification by an agent of a corporation which does not state that there is no officer or director of the corporation then actually in the county, but only that no such officer, &c., resides in the county, is sufficient.

5. *The same ; who may petition.*] Under L. 1880, c. 269, § 1—which allows certiorari to issue on the petition of a person "claiming to be aggrieved,"—a petition is not defective because it alleges that the petitioner claims to be aggrieved, instead of alleging that he is aggrieved, if the petition sets forth grounds of illegality.

6. *The same ; grievances ; framing the issue.*] Under L. 1880, c. 269,— allowing certiorari to review an erroneous assessment,—the common-law rule that a return to certiorari is deemed true, unless traversed, does not apply. If the return traverses material allegations in the petition, or alleges new matter, the court, after hearing, may order proofs to be taken.*

Appeal from an order quashing a writ of certiorari on motion at the hearing.

The Sodus Bay & Southern Railroad Company and the Northern Central Railway Company joined as relators in a petition for a writ of certiorari under *L.* 1880, c. 269, addressed to the assessors of the town of Sodus, to review an assessment made by them on the railroad owned by the former company and occupied by the latter under an arrangement by which the latter agreed to pay all taxes.

A return was made to the writ which appears to have been verified on September 25, 1886, and at a special term held in the county of Monroe, on the 27th of the same month, the return appears to have been read on the motion which resulted in the order from which this appeal is taken, and to have been then ordered to be filed. The order quashing the writ appears by a memorandum of the judge contained in the appeal-book, to have been granted upon the ground that the relators, having failed to make and

---

* See note at the end of this case.

People *ex rel.* Sodus Bay, &c. R. R. Co. *v.* Cheetham.

deliver to the assessors a written statement as required by statute (1 R. S. 414, § 2), on or before the first day of July, should not have the writ. The relators appealed.

*George M. Deven*, for the relators, appellants.

*S. D. Bentley*, for the respondents.

J. C. SMITH,* P. J. [After stating facts]—Appellants' counsel contends that the provisions of the statute require the statement therein prescribed to be made only to the assessors of the town where the corporation has its principal office. The point was ruled adversely to appellants' contention in People *ex rel* Dunkirk, &c. R. R. Co. *v.* Cassity, 46 *N. Y.* 46. The ruling was not mere *obiter dictum*, as appellants' counsel contends, but seems to have been essential to the conclusion reached by the court.

We are not prepared, however, to concur in the opinion that the failure of the relators to furnish the statement deprives them of the right to review the determination of the assessors. The statute imposes no such penalty. The fourth section prescribes the consequence of such failure, to wit: a forfeiture to the people of the State of the sum of $250. The courts cannot add penalties to those prescribed by the legislature. The prime object of requiring the statement is doubtless to furnish the assessors with information that will aid them in making the assessment.

But the statement is not essential to their jurisdiction; they may act on information derived from other sources, and if they do so, and act erroneously, to the prejudice of the assessed corporation, it seems to be illogical and unjust to deprive the corporation of the right to review such action. If the corporation should fail to appear before the assessors on the grievance day, and ask to have the alleged errors corrected, the case would be different. Having waived that opportunity, it might well be held that it had no standing to review the action of the asses-

---

* Present, HAIGHT and BRADLEY, JJ., concurring.

ors; and that is all that is decided in People *ex rel.* Mutual Union Tel. Co. *v.* Commissioners of Taxes, 99 *N. Y.* 254; aff'g 31 *Hun,* 568; cited by the respondents' counsel, as we understand the case.

But if the views above expressed are erroneous, it is difficult to see upon what reason a failure to make the statement can be held to deprive the corporation of the right to review the action of the assessors in respect to alleged errors, upon points concerning which the statement, if made, could not have given any information to the assessors. In the present case, the relators complain, not only that the assessors have assessed as real estate property of the relators which is not real estate, but also that the assessment is unequal and excessive; and that, in making it, the assessors have ignored and disregarded the proofs made before them by the relators. Upon none of the points named, except the first one, would a statement such as is required by the statute have furnished any information or aid to the assessors.

Certain other positions are taken by respondents' counsel on the argument, as reasons for affirming the order.

Attention is called to the fact that the Sodus Bay Company is not assessed—the entire assessment being against the other relator.

The petition upon which the writ was allowed alleges that the railroad which is the subject of the assessment is owned by the Sodus Bay Company, and is occupied by the Northern Central Company, under an arrangement between them, by which the latter company, among other things, pays all expenses of operating and maintaining the road, including the taxes assessed thereon.

That allegation is not controverted by the return. Whether the fact so alleged makes the Sodus Bay Company a necessary or a property party to the proceeding, is a question which we think was not involved in the motion to quash the writ, and does not arise on this appeal. If there is an improper joinder, the remedy for the defect is

not by motion to quash the writ, but by motion to strike out the party improperly joined.

It is also urged by the respondents' counsel, that the petition for the writ is not properly verified. This position resolves itself mainly into the objection that there is no verification as to the Sodus Bay Company. If it is properly verified as to one of the relators, that, we conceive, is enough upon a motion to quash. The only objection made to the verification on the part of the Northern Central Company, is that the affidavit of Mr. Meade, the superintendent, does not state that either of the relators has "not an officer or director thereof then actually within the county," but states only that no such officer, &c., "resides" in said county. That is sufficient, we think, within the act of 1880, which does not prescribe the form of the verification, but merely requires that the petition be "duly verified."*

Next, it is objected that the petition does not allege that the relators are aggrieved, &c., but merely that they "claim" to be aggrieved. There is a preliminary averment in that form, but it is followed, as we read the petition, by positive averments of the errors alleged; and thus the petition follows the statute, which provides that the remedy may be allowed to a party "claiming" to be aggrieved, upon a petition specifying the grounds of illegality, &c. (§ 1).

Lastly, it is urged that the return not having been traversed, it is to be taken as conclusive and acted on as true.

That rule applies to the case of a common-law certiorari;† but the statute under which this proceeding is taken provides no mode of traversing a return by pleading, and it seems to contemplate that notwithstanding the

---

* See, on this subject of verification of petitions, 1 *Abb. New Practice,* 506.

† As to certiorari under the Code of Civil Procedure, see §§ 2138–2140.

return takes issue with material allegations in the petition, or avers new matter, the court, at the hearing, may order proofs to be taken, and the testimony so taken and reported shall be considered by the court in making its determination (§ 4).

We think the order quashing the writ should be reversed, with $10 costs and disbursements, and the motion to quash denied.

*Order accordingly.*

NOTE ON THE PRACTICE ON CERTIORARI TO REVIEW ASSESSMENT.

The act of 1880 (*L.* 1880, c. 269), entitled "An act to provide for the review and correction of illegal, erroneous or unequal assessments," was intended to give relief against certain wrongs which had been long and well known to exist, but which had been theretofore practically remediless (People *ex rel.* Ulster, &c. R. R. Co. *v.* Smith, 24 *Hun*, 66, 67), and proceedings to remedy an illegal assessment are now uniformly taken under this statute.

It may be questioned how far the numerous decisions as to the practice in certiorari under the Code of Civil Procedure remain applicable under this statute. The following decisions show the practice as thus far established by the cases under this act.

*In general.*] The ct of 1880,—providing for the review and correction of illegal, &c., "assessments,"—does not apply to assessments for local improvements, but relates to town, ward, village, or city assessments imposed upon the whole body of taxpayers for some general purpose of taxation. People *ex rel.* Lake Shore, &c. R. R. Co. *v.* Common Council of Dunkirk, 38 *Hun*, 7.

The right to review an assessment by the assessors of the city of Albany, under the act of 1880, is not affected by the special act relating to the assessment and collection of taxes in that city (*L.* 1881, c. 284, amending *L.* 1850, c. 86), by which it is made the duty of the board to examine the applicant under oath and receive such other supplementary evidence given under oath as he may present, thus substituting judgment of the board of assessors after hearing evidence in the matter of reducing the value of assessed property for the amount fixed in the affidavit of the applicant, People *ex rel.* Albany, &c. Bridge Co. *v.* Weaver, 34 *Hun*, 321 ; aff'g 67 *How. Pr.* 477 ; appeal dismissed, it seems, 99 *N. Y.* 659.

*Prior application to assessors.*] A party who omits to avail himself
Vol. XX.—4.

of the opportunity provided by the statute to remedy an excessive or unequal assessment by application to the assessors, cannot, after the assessment has been confirmed by lapse of time, arrest the collection of the tax by a proceeding under the act. People ex rel. Mutual Union Telegraph Co. v. Commrs. of Taxes, &c. of N. Y., 99 *N. Y.* 254.

In People ex rel. Hoffman v. Osterhoudt, 24 *Weekly Dig.* 101, the relator, who was assessed for certain personal property in his possession, and in due time and form placed on the assessment roll and taxed and due notice given of the completion of the roll, and that it was open to examination, but who omitted to appear and object to the assessment during the time limited therefor, was held barred from asserting a remedy by certiorari under the act of 1880.

Whether or not it is a prerequisite to a proceeding under the act of 1880 to review an assessment by certiorari that the relator should make application to the assessors for the reduction, and present proof in support of his application, the objection that he did not do so will not be considered by the general term, if it does not appear by the record to have been raised at the special team. People ex rel. Rome, Watertown, &c. R. R. Co. v. Hicks, 40 *Hun*, 598.

*Time of application for writ.*] "The omission of the assessors to give notice, as required by the statute (§ 9), of the completion of their roll and its delivery to the proper officer, prevents the running of the fifteen days, during which application may be made for a writ of certiorari to review an assessment, and leaves the writ to be sued out at any time." People ex rel. Rome, Watertown, &c. R.R. Co. v. Hicks, 105 *N. Y.* 198; aff'g 40 *Hun*, 598. See also People ex rel. Rome, Watertown, &c. R. R. Co. v. Haupt, 104 N. *Y.* 377.

These provisions of section 9 are directory merely as to time, and if the roll is completed and verified, delay in filing it does not vitiate the assessment. *Ib.*; People ex rel. Rome, Watertown, &c R.R. Co. v. Jones, 43 *Hun*, 131.

All that the notice of the delivery of the assessment roll by the assessors is required to state is, that the roll has been finally completed, the officers to whom it has been delivered, and the place where it will be open for public inspection (§ 9). An irregularity in stating that the roll will remain with the supervisors for the period of fifteen days from the 1st of September does not invalidate the notice, as the statement upon that point may be regarded as mere surplusage. *Ib.*

*Form of petition.*] "The act under which the petition was presented (*L.* 1880, c. 269, § 1), does not require all the persons in whose behalf the petition was presented to subscribe and verify it. It permits all persons who may be affected in the same manner by the assessment upon the same roll to unite in the same petition, and to obtain the writ of certiorari for their

Note on the Practice on Certiorari to Review Assessment.

joint as well as several benefit, and that may be done by the presentation of one petition, the truth of which may be verified by either of the petitioners. Nor does the act require in terms, nor by reasonable implication, that the petition shall be signed by each of the petitioners acting individually for himself or herself, but its provisions will be satisfied when they are represented by attorneys acting in their behalf." Hence, in proceedings to review the legality of an assessment upon shares of stockholders, in a national bank, about eighty in number, a petition subscribed by one of the stockholders for himself and all the other petitioners and verified by him alone, and also subscribed by the attorneys for the petitioners, was held a sufficient compliance with the statute. People *ex rel.* Adams *v.* Coleman, 41 *Hun*, 307.

" When attorneys subscribe such a petition, it is not to be assumed that they have done so without the authority of the petitioners, but rather that they have obtained such authority before subscribing it in such a manner as imports an authority so to do. It devolves upon the person alleging a lack of authority to establish that fact by proof, before the proceeding can be held to be irregular, or the petition dismissed." *Ib.*

*Parties.*] The supervisor of a town is not a necessary party to the proceedings. People *ex rel.* Ulster, &c. R. R. Co. *v.* Smith, 24 *Hun*, 66.

*The writ.*] A writ of certiorari to assessors to compel correction of the assessment roll is ineffectual when such roll has passed from their possession and control to the board of supervisors before the writ was issued, even although it was directed to the board of supervisors as well. People *ex rel.* Porter *v.* Thompkins, 40 *Hun*, 228.

When the inquiry is as to whether the action and determination were legal and should be set aside or confirmed, the writ may be effectual after the powers of the tribunal or officers have ceased as to the matter in question, because it is mere matter of review; but when the purpose of the proceedings is to have the direction of the court for those to whom the writ is issued, to do some act by way of correction of an error, it must be within the power of such officer or tribunal to perform the act. *Ib.*

— *notice.*] " No notice of the granting of a writ of certiorari to to review an assessment of real or personal property, under chapter 269 of 1880, need be given if the court in its discretion sees fit to dispense with it." People *ex rel.* Ulster, &c. R. R. Co. *v.* Smith, 24 *Hun*, 66.

— *form.* The writ of certiorari issued under the act of 1880 is a state writ, and must be issued under the seal of the court before which it is returnable; but it is not void by reason of the omission of a seal, and the omission may be cured by amendment. People *ex rel.* Herkimer, &c. R. R. Co. *v.* Assessors of Town of Herkimer, 6 *Civ. Pro. R. (Browne)* 297.

A writ issued under the act of 1880 is defective where it is directed to "the assessors of the town of. H." instead of to the individuals who are the assessors of that town, naming them and adding the name of their office; and such a writ will be quashed on motion. *Ib.*

The writ, though issued upon the application of one assessed for real estate only, may properly require a return as to assessments of both real and personal property, People *ex rel.* Ulster, &c. R. R. Co. *v.* Smith, 24 *Hun,* 66.

" The writ must require a return to be made thereto at a special term to be held within not less than ten days from the time of its allowance, but it is not necessary that the writ should be served ten days before the return day." *Ib.*

The writ must be made returnable at a special term in the judicial district in which the assessment complained of was made ; and if made returnable at a general term, the proceedings will be dismissed on motion. People *ex rel.* Church of Holy Communion *v.* Assessors of Greenburg, 6 *N. Y. State Rep.* 744.

As the act of 1880 was passed before and remained in force after Code Civ. Pro. § 2132,—requiring a writ of certiorari to be made returnable within twenty days after the service thereof,—took effect, its provisions were, by virtue of the express provisions of sections 2132, 2147, in no way varied or affected by the adoption of the Code. People *ex rel.* N. Y., Lake Erie, &c. R. R. Co., *v.* Low, 40 *Hun,* 176.

*The return.*] Where the petition under which the writ of certiorari was issued, averred that the full and true value of the relator's estate as it would be assessed for the payment of a just debt from an insolvent debtor, did not exceed $40,000, and the answer of the return to the averment was merely a denial that the assessors "have assessed the real property of the relator at an over-valuation of $40,000, or that they have assessed said real property at more than its true and real valuation," without anywhere alleging that the assessment of the real property of the relator had been made at its full and true value as the assessors would assess the same for the payment of a just debt due from an insolvent debtor, it was *held* that the denial of such averment in the petition was insufficient. People *ex rel.* Ogdensburgh, &c. R. R. Co. *v.* Pond, 13 *Abb. N. C.* 1.

The doctrine that upon an ordinary common-law certiorari the return cannot be contradicted is inapplicable to a return under the act of 1880, and the court is authorized by that act to appoint a referee to take and report the evidence to be produced by the parties. People *ex rel.* Ulster, &c. R. R. Co. *v.* Smith, 24 *Hun,* 66.

*Hearing and determination.*] The hearing upon a return should be at special term (§ 7). The Code of Civil Procedure, § 2138, requires that

the certiorari therein provided for shall be heard at general term. But that is a certiorari heard on the return and limited as to the points to be determined, by section 2140. The proceeding under the act of 1880, is evidently different. The authority given in section 4 to review what is erroneous and unequal, and to take evidence, contemplates a very different power—a power of review and modification. People *ex rel.* Ulster, &c. R. R. Co. *v.* Smith, 24 *Hun*, 66.

If the assessment roll and affidavit are not returned, the court may presume that the affidavit conformed to the statute in respect to the statement of the rule of valuation. People *ex rel.* Ogdensburgh, &c. R. R. Co. *v.* Pond, 13 *Abb. N. C.* 1.

In such proceedings it is proper to receive in evidence conveyances of other property as establishing presumptively the prices for which it had been sold, and also estimates as to its value, made as a basis for procuring loans or placing insurance upon it. People *ex rel.* Walkill Valley R. R. Co. *v.* Keator, 36 *Hun*, 592 ; aff'g 67 *How. Pr.* 277.

" The object of the statute is a review of the proceedings of the assessors. The statute does not contemplate a mere affirmance or reversal of the whole assessment as under a common-law certiorari, but it provides for a correction, for a reassessment and the like, as if the appellate court were, to some extent, to exercise its own judgment upon the matter. No stay is to be granted, nor are the original papers to be returned. It is, therefore, of little consequence what officer has the actual custody of the assessment roll. That will remain with him. If the correction by the court is made in time for the use of the board of supervisors at its annual session, it can be acted upon (§ 5). If not made in time, the wrong done the petitioner is to be redressed at the next (§ 8)." People *ex rel.* Ulster, &c. R. R. Co. *v.* Smith, 24 *Hun*, 66.

" The statute undoubtedly greatly enlarged the power previously exercised by the court in reviewing and correcting illegal assessments by certiorari, but even by that statute the power of the court is confined to those cases where it appears by the return of the writ, or the evidence taken thereunder, ' that the assessment complained of is illegal, erroneous or unequal for any of the reasons alleged in the petition.' " People *ex rel.* Twenty-third St. R. R. Co. *v.* Commrs. of Taxes, &c. of N. Y., 91 *N. Y.* 593, 603.

It does not authorize a review where it appears that the assessment in question was made in accordance with the statutes then in force, and in the due performance of the duty then obligatory upon the assessors. Where, therefore, it appeared by the return to a writ of certiorari to review an assessment upon the personal property of the relator, which was alleged to be illegal, because of the exemption contained in L. 1880, c. 542, that the assessment was made before May 1, 1880, in accordance with

the then existing law,—*Held*, that the assessment was properly affirmed.
*Ib.*

It is essential to the support of a claim to reduce or nullify an assessment made by the proper officers, that it should be made to appear affirmatively by sufficient proof, that the assessment is in part or in whole erroneous. If the evidence leaves the matter in doubt, it is the province of the assessors to determine the value and amount of property liable to taxation. *So held*, where an application was made by executors to strike out an assessment of personal property held by them, because of debts due in their representative capacities, and it was conceded that they had in their hands the amount to which the assessment was reduced, which was retained by them on settlement of their accounts, by order of the surrogate, "for the payment of disputed and other claims and the further expenses of administration," and their affidavit showed that there were unpaid claims against the estate exceeding the amount of assets in their hands, which claims, however, were contested by the executors, and it did not appear that their validity had been established, and the application to reduce the assessment was denied by the assessors. People *ex rel.* Osgood *v.* Commrs. of Taxes, &c. of N. Y., 99 *N. Y.* 154; affirming 34 *Hun*, 506.

"It is essential that a party assailing the validity of an assessment should make it conclusively appear that the method by which the assessors arrived at the result complained of was incorrect, and that the assessment does not represent the fair value of the property assessed." Per Ruger, Ch. J., on certiorari to review an assessment of the personal property of a fire insurance company, in which the assessors disallowed its claim to have deducted as a debt its contingent liability to refund a part of its premiums to the assured upon the surrender of their policies before the expiration of the terms for which they were severally issued. People *ex rel.* Westchester Fire Ins. Co. *v.* Davenport, 91 *N. Y.* 574, 581.

*Appeal to general term.*] It seems, that the provisions of Code Civ. Pro. § 2140, as to the review of questions of fact to be determined on certiorari, do not apply upon the hearing of an appeal from a judgment of the special term based upon the return to a certiorari, issued under the act of 1880, to review an assessment of the relator's real estate, made for the purpose of taxation by the town assessors. People *ex rel.* Walkill Valley R. R. Co. *v.* Keator, 17 *Abb. N. C.* 369; aff'g 67 *How. Pr.* 277.

If section 2140 be deemed to apply in such case, the court should not reverse the judgment because of an error in the finding of fact by the special term, unless it was clearly against the preponderance of proof. *Ib.*

*So held,* also, upon certiorari to review the decision of the state assessors upon appeal by the supervisors of a city from the equalization of assessments of the county made by its board of supervisors, the material fact being the value of the real estate in the several towns and in the city. People *ex rel.* Wyatt *v.* Williams, 17 *Abb. N. C.* 366.

Judgment should not be reversed on account of the admission of irrelevant and immaterial evidence, unless the appellate court is satisfied that the decision of the trial judge was improperly influenced by it. People *ex rel.* Walkill Valley R. R. Co. *v.* Keator, 17 *Abb. N. C.* 369; aff'g 67 *How. Pr.* 277.

Errors of the referee in the admission of evidence taken by him for the use of the court on the hearing of the case are not available upon appeal from the judgment of the special term, unless the trial judge is called upon to make rulings as to the admissibility of the evidence by objection to it, or by motion to strike it out ; and the record should show that this was done. *Ib.*

— *to court of appeals.*] For the purposes of an appeal, a judgment in proceedings by certiorari to review an assessment under the act of 1880, is to be considered as an order, and an appeal to the court of appeals must be taken within the time prescribed for appeals from orders, *i. e.,* sixty days. People *ex rel.* Walkill Valley R. R. Co. *v.* Keator, 101 *N. Y.* 610.

An order of reference in a proceeding by certiorari under the act of 1880, to review and correct an alleged illegal, erroneous or unequal assessment, or an order refusing to set aside such order of reference, is not reviewable in the court of appeals. Neither order is final, nor does it affect a substantial right, within the meaning of Code Civ. Pro. § 190. People *ex rel.* Ulster, &c. R. R. Co. *v.* Smith, 85 *N. Y.* 628.

On appeal to the court of appeals in proceedings under the act of 1880, to review an assessment, only questions of law may be reviewed; the determination of the court below upon the question of value is final and conclusive where that question was fairly in dispute, unless it appears that elements, proper to be considered, were excluded, or improper ones considered, or that some legal errors vitiated the conclusion. People *ex rel.* Rome, Watertown, &c. R. R. Co. *v.* Hicks, 105 *N. Y.* 198 ; aff'g 40 *Hun,* 598; People *ex rel* Watertown, &c. R. R. Co. *v.* Haupt, 104 *N. Y.* 377.

*Costs.*] Where repeated decisions have been made holding certain property exempt from taxation, it will justify the assessors in leaving the property out of the roll, and it is their duty to do so ; and if they again include it, they may properly be charged with the costs of proceedings to review their last action, although an appeal was pending

from the first decision declaring the property exempt. People *ex rel.* Dowd *v.* Fonda, 22 *Weekly Dig.* 477.

Where the assessors refused to allow the relator a reduction of his assessment, claimed on the ground that he was a minister of the Gospel, the fact being shown by his affidavit, and upon reference at the special term, the referee found the facts in favor of the relator but that the assessors acted in good faith and not with gross negligence or malice,—*Held,* that under section 6 the assessors should not be charged with the costs of the proceedings. People *ex rel.* Mann *v.* Peterson, 31 *Hun,* 421; rev'g, on this point, 16 *Weekly Dig.* 70.

Upon certiorari to review an assessment of the town assessors of the property of a railroad corporation on the ground that it was excessive as compared with the valuation of other property in the town, the assessment was directed to be reduced 60 per cent. upon evidence showing that other property in the town had not been assessed at a greater sum than 40 per cent. of its actual value, while the relator's property had been assessed at its full actual value. While the court deemed it difficult to reconcile the valuation of the property by the assessors with the conscientious discharge of their duty, yet the court found that they acted in good faith and should not be charged with the costs of the proceedings. People *ex rel.* Walkill Valley R. R. Co. *v.* Keator, 67 *How. Pr.* 277.

The exemption of the officers proceeded against under the act of 1880, to review an assessment, from costs, unless it appears to the court that they acted with gross negligence, in bad faith, or with malice, does not apply in the case of an unsuccesssful appeal by them from the judgment of the special term in favor of the relator. People *ex rel.* Walkill Valley R. R. Co. *v.* Keator, 17 *Abb. N. C.* 369; aff'g 67 *How. Pr.* 277.

Costs of appeal are to be given or withheld in the discretion of the court. Code of Civ. Pro. § 3239; People *ex rel.* Smith *v.* Commrs. of Taxes, &c. of N. Y., 101 *N. Y.* 651.

Upon a final order in favor of the respondents in certiorari proceedings under the act of 1880, to review an assessment of the personal property of the relator for the purpose of taxation, the respondents, under section 6 of that act, are entitled to costs as in an ordinary action. The provisions of Code Civ. Pro. § 2143, do not apply. People *ex rel.* Fairfield, &c. Co. *v.* Coleman, 18 *Abb. N. C.* 246.

Under section 6 the special term has no discretion to withhold costs from defendants on denying the prayer of the petitioner, even where the petition was denied by reason of the subsequent amendment of the proceedings correcting the irregularity alleged. People *ex rel.* Rome, Watertown, &c. R. R. Co. *v.* Jones, 43 *Hun,* 131.