THE PEOPLE OF THE STATE OF NEW YORK ex rel. COLGATE INN, INC., Relator, *v.* ASSESSORS OF THE TOWN OF HAMILTON, MADISON COUNTY, N. Y., Respondents.

Supreme Court, Madison County, July 10, 1928.

**Taxation — assessment — assessment of real property reduced — sufficiency of petition waived.**

The relator owned hotel property in the town of Hamilton which has been assessed at $95,000. It appears that the assessors failed to take into account that the hotel is a losing venture but based their assessment solely upon the present structural value. They should have taken into consideration the fact that the building was constructed for commercial purposes and was not returning an income on the investment. In view of all the facts, the assessment is reduced to $51,450.

Any question as to the sufficiency of the petition in certiorari was waived by making and filing the return before the objection was raised.

CERTIORARI to review assessment for taxation as unequal and excessive.

*William L. Burke,* for the relator.

*Albert Smith Sheldon,* for the respondents.

SENN, J. This is a proceeding to review the assessment for taxation of the hotel property at Hamilton, N. Y., known as the Colgate Inn.

The hotel was constructed several years ago as a public enterprise and for commercial purposes and has been in operation for about three years. It is a three-story frame structure and cost approximately $150,000 to build and a considerable sum, in addition, for necessary furnishings. Thus far, it has been operated at a large annual loss. The deficiency has been paid by Mr. Robert Colgate of New York, presumably a friend of the institution. There is no prospect that it can ever be operated at a profit to the stockholders or even pay running expenses; certainly not at its present capitalization and indebtedness. It is very evident that the hotel was built on too large and expensive a scale for its location and surroundings, and under any management it is reasonably certain that there will be a deficit which must be made up by its friends if its operation is to be continued.

The village of Hamilton has about 1,600 inhabitants and its chief distinction and source of prosperity is that it is the seat of Colgate University. It is on an improved highway running southerly to Binghamton, which highway connects with the Cherry Valley turnpike about four miles to the north. It is now on the nearest route from Utica to Binghamton but a new improved highway is in course of construction which will afford a more direct and nearer route between these two cities than by way of Hamilton. Neither is there any present prospect of any highway construction which will tend to increase automobile traffic through Hamilton.

The only time of the year when the hotel is filled to capacity is when there is some meeting in Hamilton of persons interested in Colgate University. This happens about three or four times a year and continues two or three days at a time. There are long periods when only a few of the many rooms are occupied. The general patronage of the hotel is so irregular as to require the employment of more help than the regular or steady business would necessitate. There is nothing in the evidence before me to indicate that the deficit is due to poor management, but rather it appears to me that it is inherent in the situation and unavoidable.

The assessors have valued the building at $140,000, which, with the sixty-seven per cent equalized valuation, makes an assessed valuation of $93,800. Adding to this $1,200, at which the land is assessed, makes a total of $95,000, at which the property is assessed for taxation.

The assessors have made the cost of the hotel building, that is, its present structural value, the sole basis of assessing it. They have taken no account of its commercial value, or of its prospects or possibilities as a money making or self-sustaining hotel. In this, I believe, they were in error. It is true, as stated by one of them, that they were not assessing incomes, but it was their duty to assess this property at its real value and to take into consideration everything that constituted value, reducing or augmenting the total accordingly. It was perfectly proper to consider the original cost and the present structural value, but they should also have considered the gainful uses to which the property might be put, as well as any other fact reasonably tending to throw light upon the subject of value.

The net income of a building constructed for commercial purposes and as an investment is an important element in determining its assessable value. (*People ex rel. Powers* v. *Kalbfleisch*, 25 App. Div. 432; appeal dismissed, 156 N. Y. 678.) The actual cost of a piece of property is often a fact of great potency in determining its real worth, but it is by no means the only one. (See, also,

*People ex rel. Ogdensburgh & L. C. R. R. Co.* v. *Pond*, 13 Abb.
N. C. 1.)

Where the property " has been doing all the business offered,
for a sufficient length of time, to afford a fair test of its earning
capacity.   *   *   *   It seems to be just to give controlling weight
to its earning capacity." (*People ex rel. Albany & Greenbush
Bridge Co.* v. *Weaver*, 34 Hun, 321, 323.)

In the recent case of *McAnarney* v. *Newark Fire Ins. Co.* (247
N. Y. 176 *et seq.*) the Court of Appeals has very clearly and
comprehensively defined the word " value " as used in the law of
damages and in cases where value is in question. That was a case
of fire insurance, but the principle applies as to what constitutes
value expressed in terms of money. The court held that neither the
cost nor structural value, nor the market value, where there is no
open or general market for that kind of property, nor the fact that
for any reason the property has become unprofitable, is to be taken
as the sole criterion of value, but that all these things, as well as
any other facts, which go to make up value, are to be considered
and assigned their due proportion in making up the value as a whole.
If the possession of the property, for any reason, adds to the comfort
or well-being of its owner or possessor, that fact should, as far as
the limitations of the human understanding will permit, be assigned
its true proportion of value.

In reaching my conclusion as to the true value of the property
in question, I have taken into account that it must be a source of
pleasure to the owners of the Colgate Inn to have and maintain
so splendid a public house in the environs of Colgate University.
On the other hand, I feel that they should not be penalized for
their public spirit by having to pay taxes on the full structural
value of a money losing hotel.

A question has been raised as to the sufficiency of the petition
for the writ, but I hold that any question which there might be
in that regard was waived by the assessors in having made and
filed their return to the writ before the objections were made.

Within the rules enunciated I hold and determine that the true
value of the building when assessed was $75,000, which at the
equalized valuation of sixty-seven per cent would be $50,250 and
adding to this the sum of $1,200, at which the land was assessed,
makes a total of $51,450, the amount at which the building and
land should be assessed for taxation.

Let an order in accordance with the foregoing be submitted.