## SUPREME COURT.

In the matter of HENRY M. HYDE, Esq., for a mandamus against the AUDITOR of Brooklyn.

The charter of the city of Brooklyn does not authorize the corporation of the city, nor the counsel to the corporation, to employ *associate counsel* at the expense of the city beyond the sum of $2,500, as therein specified.

*Dutchess General Term, July*, 1861.
EMOTT, BROWN and SCRUGHAM, *Justices.*
APPLICATION for a mandamus.

Mr. JENKS, *for Mr. Hyde.*
Mr. McCUE, *for the auditor.*

By the court, EMOTT, Justice. Mr. Hyde was employed in the year 1858 by the then corporation counsel of the city of Brooklyn, to render professional services in a litigation, in which the city was concerned. In December, 1859, the common council passed a resolution directing that he should be paid for the services rendered under this employment. The money, however, cannot be drawn from the treasury without the certificate of the auditor that the indebtedness was legally incurred, and this that officer has refused to make. The present application was for a mandamus to

compel him to make the certificate.   The application was·
heard upon notice, and after argument was denied, and an
appeal was thereupon taken.

It cannot be contended that the corporation counsel has
the power to associate or employ other counsel or attorneys
to conduct, or assist in conducting, the law business of the
city, except to the extent for which express authority is
given to him by the eighteenth section of the third title of
the city charter.   Unless his employment of Mr. Hyde can
be justified, or will make his fee a charge upon the city
treasury under the provisions of this section, it can have
no other consequence than to make Mr. Johnson, who was
at this time city counsel, personally liable to Mr. Hyde.
Nor will the vote or ratification of the common council in
1859 give validity to the act of the corporation counsel, or
have any further operation or effect, than would an original
employment by them.   The mere vote of a common council
will not make an expenditure legal, or authorize the courts
to compel its payment, if it be beyond their authority or
an illegal stretch of power.   The eighteenth section of the
third title of the charter, already referred to, authorizes
the common council to appoint a suitable person to be the
attorney and counsel for the corporation.   His duties are
prescribed and include the whole range of legal services
required by the city.   His salary is fixed, and he is autho-
rized to employ another attorney or clerk, whose compen-
sation is also provided for, and limited.   This grant of
power is an exclusion of all implied authority to employ
counsel or attorneys; *expressio unius est exclusio alterius.*
If it were allowed the city authorities to employ and pay
as many counsel or attorneys as·they saw fit, the creation
of this office, and the restrictions and safeguards which
surround it, would be altogether nugatory.

It is contended, however, that the section itself autho-
rizes the employment of other counsel at the discretion of
the incumbent of the office.   A portion of the section reads

thus: "The corporation counsel shall have power from time to time to authorize an attorney or other person to appear for him in his name, for and in behalf of the said corporation, and conduct and defend suits and proceedings in all courts and places." If this can be construed as a general authority to this officer, at any time to employ associates and substitutes in the performance of the duties imposed upon him by the charter, the authority is restricted, at least, in respect to making the compensation of the persons thus employed a charge against the city, by what follows in the same section. Besides the salary of this officer, the common council are directed to "allow and pay the said attorney and counsel such further sum as may be necessary, not to exceed two thousand five hundred dollars annually, in full for the services of any attorney or clerk he may employ." This section of the statute is marked by the confusion, the want of grammar, and almost want of sense, which is characteristic of the statutes relating to the city of Brooklyn in even a greater degree than of the general legislation of recent years. If the "attorney or other person who is to appear for the corporation attorney and counsellor in his name, for and on behalf of the corporation, and conduct and defend suits and proceedings," means or includes counsel who are to be associated or employed in the trial of causes, the "attorney and clerk" spoken of in the other part of this section, whose services, so far as the city is concerned, are to be paid out of the two thousand five hundred dollars, must also mean or include such counsel. The power to employ attorneys and other persons is limited, so far as the liability of the city for their compensation is concerned, by the amount specified and allowed to be appropriated for that purpose. If the corporation counsel needs such services he can procure them, and to the extent of twenty-five hundred dollars the city must pay for them. For all beyond this the individual officer is liable personally, and not the city. It appears by the affidavits

read on this motion, that the appropriation of two thousand five hundred dollars, authorized for this purpose, had been paid to Mr. Samuel E. Johnson during the year in which the services were rendered by Mr. Hyde at Mr. Johnson's request. This was the fund provided for the payment of such services, and Mr. Hyde must look to Mr. Johnson, who has received it. Neither the latter nor the common council had, or possess, any authority to make the city liable for any amount beyond it.

It was suggested that this claim could be made out under an act of the legislature of March 19, 1859, the fourth section of which authorizes the common council of Brooklyn to raise twenty-nine thousand dollars to pay the deficiency in the appropriation of 1857–8, and such other claims against the city as have been incurred by the order of the common council of the said city during either of said years.

It is not necessary to consider whether this phraseology is sweeping enough to demand payment of claims of any sort, legal or otherwise, provided they have the sanction of a vote of the common council. It is sufficient for the present case that the claims thus provided for must have been incurred by such order during 1857–8. This claim was not incurred by an order of the common council; or, if the vote sanctioning and directing its payment is to be regarded as such an order, that was not made until December, 1859. It would be quite too dangerous to allow any subsequent vote of the common council, ratifying a previously illegal expenditure, to have the effect of obtaining the protection of the act and the payment of the claim.

The auditor correctly refused to certify this claim, and the order refusing to compel him should be affirmed, with costs.