THE PEOPLE OF THE STATE OF NEW YORK ex rel. NIAGARA FALLS HYDRAULIC POWER AND MANUFACTURING COMPANY, RESPONDENT, v. EDWARD E. RUSSELL, RODERICK D. PORTER AND ROBERT JOYCE, ASSESSORS, AND BYRON B. YOUNG, AS CLERK OF THE VILLAGE OF NIAGARA FALLS, APPELLANTS.

57h 53
83 AD 183

*Costs in proceedings to review an assessment under chapter* 269 *of* 1880 — *cannot be collected by tax where they are not chargeable to the assessors.*

In proceedings under chapter 269 of the Laws of 1880 to review an assessment made for the purposes of taxation, where it does not appear that the assessors acted with gross negligence, in bad faith, or with malice, the court cannot award costs to the relator, although the assessment is ordered in such proceed-

54   PEOPLE ex rel. NIAGARA FALLS CO. v. RUSSELL.

FIFTH DEPARTMENT, JUNE TERM, 1890.

ings to be reduced; nor can the court, under such circumstance, direct that such costs of such proceedings be levied in the same or the next tax levy, and when thus raised be paid to the relator.

APPEAL by the defendants from so much of an order entered in the office of the clerk of the county of Niagara in the above-entitled matter on the 30th day of January, 1889, as directed that there shall be audited and allowed to the relator therein and included in the next annual tax levy of the village of Niagara Falls, N. Y., the sum of $180.14 as relator's costs and disbursements in such proceedings, and that the same be paid to the relator.

The proceeding was instituted under the provisions of chapter 269 of the Laws of 1880, to review an assessment made upon the relator as the owner in fee of certain lands in the village of Niagara Falls, N. Y. The assessment complained of was by an order made at a Special Term of the Supreme Court held in the county of Erie on the 19th day of July, 1888, in the above-entitled matter reduced by the sum of $4,640, that is to say, from the sum of $23,200 to the sum of $18,560.

*W. Caryl Ely*, for the appellants.

*Charles H. Piper, Sr.*, for the respondent.

MACOMBER, J. :

The defendants are the assessors of the village of Niagara Falls. In making up the assessment-roll in the year 1887 they placed certain lands owned by the relator upon the roll at the valuation of $23,200. The relator claimed such valuation to be excessive, unequal and not proportionate to the value of other real estate in that village. Upon the day set for hearing grievances the relator duly appeared and was heard, and a slight reduction was made, but not enough to satisfy its demands. A writ of *certiorari*, under the statute, was duly issued, and upon the return thereto, and upon the evidence subsequently taken, it was decided by the Special Term that the assessment should be reduced to the sum of $18,560, making a reduction of $4,640.

The tax upon this excessive valuation, namely, fourteen dollars and thirty-seven cents, having been paid by the relator, was properly directed by the court to be audited and allowed by the assessors in

PEOPLE ex rel. NIAGARA FALLS CO. *v.* RUSSELL. 55

Fifth Department, June Term, 1890.

the next annual tax levy of the village of Niagara Falls. (Sec. 8, chap. 269 of the Laws of 1880, as amended by chap. 342 of the Laws of 1887.) Without such direction by the court, it would have been the duty of the assessors so to enter the same in order to reimburse the plaintiff for an unlawful payment exacted of him.

The provisions for the allowance or withholding of costs in this proceeding is found in section 6 of chapter 269 of the Laws of 1880, which is as follows: "Costs shall not be awarded against assessors or other officers whose proceedings may be reviewed under this act, unless it shall appear to the court that they acted with gross negligence, in bad faith or with malice. If the writ shall be quashed or the prayer of the petitioner denied, costs shall be awarded against the petitioner, but the costs shall not in any case exceed the costs and disbursements taxable in an action upon the trial of an issue of fact in the Supreme Court." The rule governing costs in *certiorari* proceedings generally (Code of Civil Pro., § 2143), has no application to this proceeding. (*People ex rel. Fairfield, etc., Co.* v. *Coleman,* 18 Abb. N. C., 246.) In the absence of a holding by the Special Term or by this court, that the action of the assessors was grossly negligent or in bad faith, or with malice, no costs under this statute can be permitted against them. (*People ex rel. Mann* v. *Peterson,* 31 Hun, 421; *People ex rel. Ogdensburg, etc., Co.* v. *Pond,* 13 Abb. N. C., 1.)

The learned justice presiding at Special Term has, in his opinion, fully and completely exculpated these assessors from any negligence, bad faith or malice. He has written an opinion to the effect that they acted honestly and intelligently, and committed only an error of judgment, such as any honest person is liable to fall into. The costs of the relator have, as it has been stated above, under these circumstances, been permitted to be saved to it, although clearly enough under the statute, and under the decisions cited, they could not be recovered from these defendants. This has been done by a direction in this proceeding to the assessors to levy the same in the next tax levy and to pay the same over to the relator. We are unable to find any statutory or other authority for this part of the order appealed from.

The costs amount to $180.14, while the reduction of the tax is only fourteen dollars and twenty-seven cents. Yet there is no pro-

vision of the law by which the relator can be permitted to recover such costs, except in the cases where it is shown that the assessors have acted with gross negligence, or bad faith, or maliciously. The persons upon whom these costs are directed to be levied were not parties to this proceeding, nor was the village of Niagara Falls a party thereto Under the statute the controversy is solely between the aggrieved taxpayer and the assessors. In the absence of a statutory provision by which these costs may be collected in the way prescribed in this order, the direction to the assessors contained therein must be deemed to be erroneous.

The examination of the evidence leads us to the same conclusion reached by the Special Term, that the assessors acted fairly and honestly. Otherwise, upon their appeal, we might probably modify the order and charge the costs directly upon them personally.

That portion of the order which is appealed from should be reversed, but, under the circumstances, without costs.

DWIGHT, P. J., and CORLETT, J., concurred.

That portion of the order which is appealed from reversed, but without costs.