CAIN v. WARNER et al.

(Supreme Court, Appellate Division, Fourth Department. November 22, 1899.)

1. MUNICIPAL CORPORATIONS—CREATION OF OFFICE.

The police commissioners and common council of the city of Rochester did not create an office by fixing and allowing a monthly salary for the police surgeon regularly employed by the commissioners to perform services for the police department, required under their rules for the government and discipline of the police force.

2. SAME—POWERS OF POLICE COMMISSIONERS.

Under the charter of the city of Rochester, providing that the police department of the city shall be under the general control of police commissioners, who may establish and enforce rules for the government and discipline of the police force, the commissioners have implied power to employ a police surgeon, at the expense of the city, to perform services required under their rules established for the government of the force.

Appeal from special term, Monroe county.

Action by Michael Cain, a taxpayer, against George E. Warner, as mayor, and others. Defendants appeal from an order denying their motion to vacate a temporary injunction. Reversed.

This action was brought by the plaintiff, as a taxpayer, to restrain the defendants the common council of the city of Rochester from passing any resolution providing for the payment of the defendant Cartwright's salary as police surgeon, and to restrain the mayor from approving any such resolution, the city clerk from signing an order for the payment of the March salary of the defendant Cartwright or any future order, and the city treasurer from paying any salary to the said defendant. In 1888 the board of police commissioners of the city of Rochester appointed one Dr. Pierce as police surgeon, and his salary was fixed at $50 a month. He acted until June, 1891, when the defendant Cartwright was appointed by the board of police commissioners surgeon of the police department, and his salary fixed at $100 per month. Since that time he has acted as police surgeon, and his salary has been included in making the estimate of the expenses of the department, and the same allowed each year by the common council. The salary for March, 1899, was approved by the common council, but before the same was paid this action, and a preliminary injunction order granted. The defendants moved at a special term to set aside that injunction, and from a denial of that motion this appeal was taken. By the affidavits it appears that prior to 1888 the police department, as occasion required, employed surgeons to perform the duties that were afterwards performed by Dr. Pierce, and later by this defendant Cartwright. They found that it would be more economical to employ a surgeon regularly. It appears from the affidavits that the services actually rendered by the defendant Cartwright during the month of March were greater in value than $100, the salary claimed therefor. Further facts appear in the opinion.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

John Van Voorhis, for appellants.
John F. Kinney, for respondents Williams, Sherdan, and Tracy.
Werner & Harris, for other respondents.

SMITH, J. The learned judge at special term has found that the services rendered by the defendant Cartwright were necessary, and that the police department had authority to employ him therefor, but has continued this injunction on the ground that to attach a fixed salary would be to create an office, which would be repugnant to the

rule of law forbidding the creation of offices without express statutory authority. His conclusion is not, we think, a logical sequence from his premises. If defendant's employment were permitted, and his services were of the value of more than $100, he is clearly entitled to payment, by whatever name the police commissioners have chosen to call it. Moreover, no reason is apparent why the police commissioners should not be authorized to pay to the defendant a regular salary, if thereby they can obtain services at a less expense to the city. While a salary may be one of the indicia of an office, it does not make one.

The more difficult question, however, is the one involved in the conclusion of the special term that these services were so far necessary to the performance of the duties of the police commissioners as to invest them with implied authority to procure the same. In Dill. Mun. Corp. (4th Ed.) § 89, it is said:

"It is a generally undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in, or incident to, the powers expressly granted; third, those essential to the declared object and purposes of the corporation,—not simply convenient, but indispensable."

The power must be necessarily or fairly implied in, or incident to, some power expressly granted. By the charter it is provided that the police department of the city of Rochester shall be under the general control and management of the police commissioners. It is further provided that the police commissioners may adopt rules and by-laws for the government thereof, and may also establish, promulgate, and enforce proper rules and regulations for the good government and discipline of the whole force. Under this power, the police commissioners have made a rule that, in case a member of the department is sick for 10 days, he shall receive one-half of his salary. The bona fides of the sickness is to be determined by the police surgeon. Applications for absence on account of illness, and applications to be changed from the night force to the day force on account of sickness, are acted upon by the board after an examination by the police surgeon. There are other services rendered by the police surgeon under his employment, required under the rules of the board of police commissioners. These rules have by the board been deemed necessary for the good government and discipline of the force.

It is urged by the respondents that the police commissioners have no power to refuse pay to a member of the force while he is ill, unless he is actually suspended. They cite as authority People v. French, 91 N. Y. 265. If this be true, so much the greater would seem the necessity for the services of a police surgeon. In such a large force of policemen as comprise the department of the city of Rochester, if without loss of pay, the temptation to feign sickness would be strong. Whatever may be his specific duties, the fact remains that for more than 11 years he has been deemed by the municipal authorities a necessary adjunct to the police department. Moreover, the necessity of his service is not questioned in the complaint nor in the affidavits upon which this motion was granted. A number

of statutes are cited wherein such necessity has been recognized by the legislature in places no larger than the city of Rochester. The learned judge at special term has found that the services were reasonably necessary to the proper administration of the department, and that finding is fully sustained by the facts as they appear.

We are cited to no authorities which question the power of the department to procure this service if reasonably necessary for its proper administration. The counsel for the appellant makes no claim that he is an officer of the city. He clearly is not. The Twist Case (Sup.) 55 N. Y. Supp. 850, holds only that the city of Rochester is liable for the safety of its streets, though made unsafe by one in the employ of the police department. The Miller Case, 42 App. Div. 208, 59 N. Y. Supp. 956, only holds that an employé of the police department is not a public officer of the city of Rochester. As far as this case is any authority in the case at bar, it would seem to be an authority for the appellant, as recognizing the status of the plaintiff in that case as an employé of the city. In People v. York, 32 App. Div. 57, 52 N. Y. Supp. 778, it was held that the New York and Brooklyn Bridge trustees had no authority to create the office of police surgeon as a public office. The case seems to recognize the position of Dr. Lewis as that of an employé, and in no way questions the right of his employment.

We cannot assent to the claim of the respondents' counsel to the effect that the duty to police is a state duty, and that the city has not been made liable for this expense by legal enactment. We have found the right of employment to be necessarily implied in the charter powers of the city. It appears that the general scheme of the statute is to make the expense of the police department a charge upon the city. It then becomes a logical inference that the city is charged with the expense of the execution of this implied power.

If the employment of the defendant Cartwright had been an illegal one, this action would have been properly brought to restrain the payment of his salary. The payment of a salary to one not entitled to the same constitutes an illegal act and a waste of the corporate funds. As the employment, however, was authorized, and the moneys claimed are due to him therefor, the plaintiff can have no right of action to enjoin their payment. The order should be reversed, and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.