(83 App. Div. 179.)

O'CONNOR v. WALSH, Mayor.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. MUNICIPAL CORPORATIONS — COMMON COUNCIL — POWERS — CREATION OF OFFICES.

The common council of a municipality is without power to create offices, and pay out the city's money to their incumbents, without an express provision of the charter empowering it to do so.

2. SAME—APPOINTMENT BY MAYOR—PAGE TO COMMON COUNCIL—ASSISTANT IN OFFICE OF MAYOR AND CITY CLERK.

Title 2 of the charter of the city of Yonkers (Laws 1895, p. 1327, c. 635, amended by Laws 1901, p. 851, c. 316) treats of the officers of the city—their election, appointments, and terms of office. Section 7 provides: "The appointive officers of the city shall be a city clerk, a city attorney," etc., "* * * All of said officials shall be appointed by the mayor." No provision is made for the position of page to the common council, or assistant in the office of the mayor or city clerk. *Held*, that an appointment by the mayor, acting under authority of the council, of a person to such position of page and assistant, etc., at a salary of $100 per month, whose duties were to receive and deliver the resolutions of the members of the council, write up the minutes, and get and hand papers out, prepare the same for action thereon, and arrange them as general orders, was unauthorized.

3. TAXPAYERS' ACTIONS—DEFECTIVE BOND—FILING PROPER BOND NUNC PRO TUNC.

Code Civ. Proc. § 729, provides: "A bond or undertaking, required by statute to be given by a person, to entitle him to a right or privilege, or to take a proceeding, is sufficient, if it conforms substantially to the form therefor prescribed by the statute, and does not vary therefrom, to the prejudice of the rights of the party to whom, or for whose benefit, it is given." Section 730 provides that, where such bond or undertaking is defective, the court may amend it, and that it shall thereupon be valid from the time of its execution. At the time of the commencement of a taxpayer's action, a bond which did not meet the requirements of the statute was served. *Held*, that an order made on notice, after the trial, and before the decision was signed, directing and permitting a proper bond to be filed nunc pro tunc, was proper.

4. OFFICERS—ACTIONS OR PROCEEDINGS RELATING TO OFFICIAL DUTIES—COSTS.

Unless it appears that public officers have acted with gross negligence, in bad faith, or with malice, costs should not be charged against them in proceedings or actions relating to their official duties.

5. SAME.

In an action by a taxpayer to restrain the mayor of a city from signing further warrants for the salary of an appointee to office, it appeared that the invalid appointment was made nearly 12 years before the action was commenced; that the salary had been paid regularly to the incumbents of the office since that time, without protest from any one, and without a question as to the validity of the appointment ever having been raised; and there was no. affirmative showing that defendant had acted in bad faith, or with gross negligence or malice. *Held*, that costs should not have been awarded against defendant.

Appeal from Special Term, Westchester County.

Action by John D. O'Connor against Michael J. Walsh, mayor of the city of Yonkers, county of Westchester, N. Y. Judgment for plaintiff, and defendant appeals. Judgment modified, and, as modified, affirmed.

¶ 4. See Officers, vol. 37, Cent. Dig. § 206.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, HIRSCHBERG, and HOOKER, JJ.

I. J. Beaudrias, for appellant.
John P. Flanigan, for respondent.

HOOKER, J. The complaint alleges that the plaintiff is a taxpayer in the city of Yonkers, a domestic municipal corporation, and that the defendant is the mayor of that municipality; that one Elmer J. Craft holds the office of page to the common council, or assistant city clerk, in said city, and draws a salary of $1,200 per year, payable monthly, under an appointment by the defendant as mayor; that under the charter of the city of Yonkers no such office as page to the common council, or assistant city clerk, was provided for, and no authority was therein conferred upon the common council or mayor for the creation of said office; that each month since Craft's appointment the mayor has signed a warrant or warrants for the payment of Craft's salary or wages; that the signing of such warrants is and has been an illegal act on the part of the mayor; that Craft's appointment is void and without authority of law; and the complaint demands judgment restraining and enjoining the defendant from recognizing Craft in any manner as page or assistant city clerk, or signing warrants for any further sums belonging to the city of Yonkers as wages or salary under said appointment.

The matters of fact alleged in the complaint were proved, together with the additional facts that on the 26th of May, 1890, the common council passed a resolution to the effect that the mayor be authorized to employ, and at his pleasure to discharge, a person to act as page of the common council, and assistant in the office of the mayor, and assistant city clerk, at a compensation of $5 per week; that later the salary was increased by the same authority to $100 per month, and that the duties of the person holding such office were "to receive and deliver the resolutions of the members of the common council, write up the minutes, and get and hand papers out, and get papers ready to be acted upon, and arrange them as general orders"; that it was necessary for the incumbent to be familiar with the city clerk's office, and the places where the papers are deposited, and to attend the various meetings of the committees and of the common council.

The trial resulted in a judgment for the plaintiff, the court placing the decision upon the ground that the charter of the city of Yonkers (Laws 1895, p. 1327, c. 635, and acts amendatory thereof) confers no authority upon the mayor of such city to fill such office or position by appointment or otherwise, nor is any authority contained in the charter for the creation of such office or position. The judgment awarded the costs and disbursements of the action against the defendant, who appeals.

The appellant contends that the common council had ample power to employ a person to perform the duties that were rendered by the incumbent in this controversy, and cites Dillon on Municipal Corporations (section 207), to the effect that it is supposed, when not in contravention of the charter, that municipal corporations may, to a limited extent, have, as incidental to expressed powers, the right to create

certain minor offices of a ministerial or executive nature.  Title 2 of the charter of the city of Yonkers (Laws 1895, p. 1327, c. 635, amended by Laws 1901, p. 851, c. 316), treats of the officers of the city, their election, appointments, and terms of office.  Section 7 of that title provides that:

"The appointive officers of the city shall be a city clerk, a city attorney, a receiver of taxes, a city treasurer, a city auditor, a commission of public works, a commissioner of charities, an inspector of buildings, an assistant inspector of buildings, three assessors, five commissioners of public health, five park commissioners, four police commissioners, four fire commissioners, five water commissioners, seven constables, one or more pound keepers, and fifty commissioners of deeds.  All of said officials shall be appointed by the mayor."

It is to be noted that nowhere in this category is to be found the position of page to the common council, or assistant in the office of the mayor or city clerk.  The third paragraph of that section, as amended, specifically provides the minimum and maximum amounts which the common council may fix as salaries attaching to the several appointive offices.  The commissioner of charities, the inspector of buildings, with his assistant, and each assessor, as provided in that paragraph, shall receive no more than $1,500 and no less than $1,000 per year; and the common council is empowered to fix the salary of those officers at a figure, in its discretion, between those limits.  The salary heretofore paid Craft has been $1,200 per year, and we cannot believe, even if the doctrine laid down by Dillon is correct, that the office under consideration is a minor office, of ministerial or executive nature, when its duties and the salary attach to it are compared with the general duties of the other officers enumerated in section 7, tit. 2, of the charter, and in connection with the salaries therein provided for.

It has long been held that the common council of a municipality is without power to create offices, and pay out the city's money to their incumbents, without an express provision of the charter of such municipal corporation empowering that body to do so.  Hyde v. Auditor of Brooklyn, 21 How. Prac. 339; People ex rel. Russell v. Supervisors, 6 Hun, 304; Lyddy v. Long Island City, 104 N. Y. 218, 10 N. E. 155.

The appellant urges that it was necessary, for the proper administration of the affairs of the city and the proper preservation of its records, that the office under discussion be created, and some person appointed to fill it, and that the city had inherent power to employ persons in such a capacity, as vital to its existence.  In the Lyddy Case, supra, however, the plaintiff had performed legal services, at the request and upon the employment by the common council of the defendant, in the investigation of certain alleged abuses by its board of water commissioners in administering the affairs of the water department of the city.  It was evident that it is quite as important for a city to have the administration of its water department conducted properly, and abuses therein corrected, as it is that meetings of its common council and committees thereof be attended, resolutions of the members delivered, minutes written up, and papers in connection therewith prepared to be acted upon; but in that case the court held that under

the charter of Long Island City, which did not empower the employ-
ment of an attorney outside of the law department for that or any
other purpose, the defendant could not become legally bound to the
plaintiff, and he was without remedy against it for his services. The
conclusion of the learned court at Special Term that the appointment
of Craft was illegal is correct.

On the trial a proper bond in taxpayers' actions was shown not to
have been served. After the trial, and before the decision was signed,
an order was made, upon notice, directing and permitting such a bond
to be filed nunc pro tunc; and the defendant contends that, because
the bond had not been filed and served at the time of the trial, the
complaint should have been dismissed. A bond which did not meet
the requirements of the statute was served at the time of the com-
mencement of the action, and, to cure the defect, the order permitting
the bond to be filed was made. We think the order was proper. In
Irwin v. Judd, 20 Hun, 562, it was said:

"The power to amend an undertaking, defective even in matter of sub-
stance, is conferred by section 730 of the Code of Civil Procedure. This is
obvious when we read this section in connection with section 729, and con-
sider that under the latter an amendment of an undertaking defective in
matter not of substance is unnecessary. Sections 723 and 724 are also very
broad, in permitting amendments to cure mistakes, omissions, defects, and
irregularities. We think the amendment was properly allowed."

The appellant also contends that there should be at least a modifi-
cation of the judgment, striking out the award of costs against the de-
fendant. We think that the court should not have awarded costs
against the defendant. People ex rel. Niagara Falls Co. v. Russell,
57 Hun, 53, 10 N. Y. Supp. 391; People ex rel. Lorillard v. Barker, 72
Hun, 637, 25 N. Y. Supp. 393; People ex rel. Canaday v. Williams, 90
Hun, 501, 36 N. Y. Supp. 65. Unless it appears that public officers
have acted with gross negligence, in bad faith, or with malice, costs
should not be charged against them in proceedings or actions relating
to their official duties. There is no affirmative showing in this case
to that effect. It appears on the other hand, however, that the
original appointment under the resolution of the common council in
question was made nearly 12 years before this action was commenced,.
and that the salary had been paid regularly to the incumbents of the
office since that time, without protest from any one, and without a
question as to the validity of the appointment ever having been raised.

Under these circumstances, the judgment should be modified by
striking out its provisions in relation to costs, and, as thus modified,
affirmed, without costs of this appeal. All concur.