## In re LOCUST AVE.

## THEALL v. VILLAGE OF PORT CHESTER.

(Supreme Court, Appellate Division, Second Department.   April 15, 1904.)

1. MUNICIPAL CORPORATIONS—STREETS—ESTABLISHMENT—IMPROVEMENT—COM-
MISSIONERS—JURISDICTION.

Laws 1868, p. 1869, c. 818, tit. 5, §§ 1–14, as amended, under which the
village of Port Chester was organized, provide for the laying out and
opening of streets, and the appointment of commissioners by the county
court, on application of the village authorities, to estimate the expenses
of such improvement and to assess the same on the property benefited.
Sections 22–28 (pages 1879–1882) provide for the "expenses of regulating,
grading, and paving streets and avenues, or any part or section thereof,"
etc.   *Held*, that the proceedings for the opening of a street and those for
the improvement thereof could not be joined, and hence commissioners
appointed to estimate benefits for the laying out of a street in such city
had no power to assess on the benefited property the expense of grading
the street.

2. SAME.

Where commissioners appointed to assess benefits for the opening of a
street proceeded without jurisdiction, and as a part of the same proceeding
assessed benefits for the improvement of the street, their report was void,
and, on objection, could not be recommitted for correction.

3. SAME—DISCRETIONARY ORDERS—REVIEW.

An order denying a motion to resettle a former order, and an order
denying a motion for retaxation of costs, are within the trial court's dis-
cretion, and will not be reversed, in the absence of controlling reasons
affecting the interests of justice.

Hooker, J., dissenting.

Appeal from Special Term.

Proceedings for the opening and extending of Locust avenue in the
village of Port Chester.   From certain orders refusing confirmation
of the commissioners' report on objection of Margaret S. Theall, and
from orders denying a motion to resettle the former order and deny-
ing a motion for retaxation of costs, the village appeals.   Affirmed.

Argued before HIRSCHBERG, P J., and BARTLETT, JENKS,
WOODWARD, and HOOKER, JJ.

Jerome A. Peck (Arthur R. Wilcox, on the brief), for appellant.
Ralph E. Prime, for respondent.

WOODWARD, J.   The village of Port Chester is a municipal cor-
poration organized under the provisions of chapter 818, p. 1856, of
the Laws of 1868, and the several acts amendatory thereof.   Title 5
of that act contains, in sections 1 to 14 (pages 1869–1877), inclusive,
provisions for laying out and opening streets, commissioners to esti-
mate the expenses of said improvement and to assess the same upon
the property benefited being appointed by the county court on the ap-
plication of the village authorities, while by sections 22 to 28 (pages
1879–1882), both inclusive, of the same title, the law provides for the
"expense of regulating, grading, and paving streets and avenues, or
any part or section thereof," etc.   Chapter 219, p. 589, of the Laws
of 1902, amends the charter of the village in respect to these matters;

but none of these amendments has any particular bearing upon the question presented upon this appeal, and we may consider the matter from the standpoint of the original statute.

The village authorities, desiring to open or extend Locust avenue, instituted proceedings for that purpose, and a commission was appointed by the county court for the purposes mentioned in the statute. But the village authorities did not stop here. They included in their expenditures, not only the sum necessary to secure the land and open the street, but $900 for grading the same. The commissioners appointed by the county court have made a report in which they have attempted to assess upon the benefited property this total expense, although the statute requires that such assessments for grading, etc., shall be made by commissioners appointed by the board of trustees; such commissioners being called upon to take an oath "faithfully and fairly to discharge the duties which shall devolve upon" them by such appointment. Sections 23, 24, tit. 5, c. 818, pp. 1879, 1880, Laws of 1868. Upon this report being offered for confirmation, the learned court at Special Term refused confirmation, and vacated and set aside the report on the objection of Margaret S. Theall, whose property was involved, on the ground that the two proceedings could not be conducted by the commissioners appointed by the county court. The village of Port Chester appeals from the order entered, as well as from an order denying a motion to resettle the order, and from an order denying a motion for a retaxation of costs.

The appellant urges that the report and assessment of the commissioners should not have been vacated, but the report should have been sent back for correction of any error discovered by the court in the proceedings; but we are of opinion that the errors in proceedings going to the jurisdiction could not have been corrected by the commissioners, and that the only thing which remained for the court was to throw the whole report out, leaving the village free to proceed along the lines pointed out by the statute. "To found the power to act against a private right of property, there must be affirmative proof of a compliance with the prerequisites. It is a jurisdictional fact that may not be presumed or inferred." In Matter of City of Buffalo, 78 N. Y. 362, 366. The property owner or taxpayer has a right to insist that provisions intended for his security shall be observed, notwithstanding the fact that in a particular case he may have suffered no harm by reason of the neglect of the authorities to comply with them. Bowditch v. Boston, 168 Mass. 239, 244, 46 N. E. 1026; Warren v. Street Commissioners, 181 Mass. 6, 11, 62 N. E. 951.

In the matter now before us the village authorities have attempted to combine two proceedings in one, they have substituted their judgment for the plain provisions of law, and the whole proceeding is vitiated by this disregard of jurisdictional facts. The commissioners appointed by the county court, assuming such appointment to have been regular, had jurisdiction only to deal with the expense and the assessment for the opening of the highway, and when they attempted, under the supposed authority of the village, to go beyond this, and to include the cost of grading and improving that way, they went outside of their powers. The village trustees could not confer upon them any

greater jurisdiction than that prescribed in the statute, and the effort to do so has resulted in a condition of affairs where there was nothing for the court to do except to set aside the whole proceeding. "It is a matter of grave public concern," say the court in Village of Ft. Edward v. Fish, 156 N. Y. 363, 375, 50 N. E. 973, 976, "to protect municipal corporations from the unauthorized and illegal acts of their agents in wasting the funds of the taxpayers. It is only with the utmost difficulty that municipal officers and agents can be kept within the bounds of their authority now," and it is the duty of the courts to insist at all times, when such action is challenged, that the authority to act shall be plainly expressed in the statute, or necessarily implied, and that all of the provisions intended for the security of the taxpayer and property owner shall be strictly complied with. Schneider v. City of Rochester, 160 N. Y. 165, 172, 54 N. E. 721, and authorities there cited.

We have examined the matters called to our attention by the appellant, but discover no reason for reversing any of the various orders appealed from. These orders, other than the one above considered, rest largely in the discretion of the court at Special Term; and, while this court undoubtedly has the right to review this discretion, this power will not be exercised by reversing, in the absence of controlling reasons affecting the interests of justice.

The orders appealed from should be affirmed, with $10 costs and disbursements. All concur, except HOOKER, J., who dissents.