(83 Misc. Rep. 363)

### SHIEBLER et al. v. GRIFFING et al.

(Supreme Court, Trial Term, Suffolk County. December, 1913.)

1. COUNTIES (§ 196*)—RESTITUTION OF MONEYS PAID—ACTION BY TAXPAYERS.
　　Under General Municipal Law (Consol. Laws, c. 24) § 51, an action lies by taxpayers to compel restitution of public moneys paid to defendants pursuant to the void resolution of a board of supervisors under County Law (Consol. Laws, c. 11) § 12.
　　[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. § 196.*]

2. COUNTIES (§ 196*)—MONEYS ILLEGALLY PAID—PARTIES.
　　In an action by taxpayers to compel restitution of moneys paid to defendants under a void resolution of a board of supervisors, the board and the county treasurer are proper, but not necessary, parties.
　　[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. § 196.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Marvin Shiebler and others, who are taxpayers of Suffolk County, against Timothy Griffing and Robert P. Griffing, to compel restitution of money paid under a resolution of the Board of Supervisors of Suffolk County. Judgment for plaintiffs.

Selah B. Strong, of Brooklyn, for plaintiffs.
N. O. Petty, of Riverhead, for defendants.

VAN SICLEN, J. Plaintiffs have brought a taxpayers' action under section 51 of the General Municipal Law (Consol. Laws, c. 24) against the above-named defendants to compel restitution of the sum of $2,500 paid pursuant to a certain resolution of the board of supervisors of Suffolk county, December 30, 1907, said resolution being as follows:

"Resolved, that the county judge of Suffolk county be allowed five hundred dollars per annum as salary for a clerk from the first day of January, 1908, the same to be paid by the county treasurer out of any money he may have on hand not otherwise appropriated."

There seems to be no doubt that the board of supervisors were without authority to allow said sum, and under the County Law (Consol. Laws, c. 11) § 12, the said resolution was void, and payments thereunder were illegal. See People ex rel. Masterson v. Gallup, 30 Hun, 501, affirmed 96 N. Y. 628; Sheldon v. MacArthur, 73 Misc. Rep. 575, 133 N. Y. Supp. 194, affirmed 148 App. Div. 908, 133 N. Y. Supp. 194; Shiebler v. Ireland (Trial Term, Supreme Court, Suffolk County, Jaycox, J., May 10, 1913) 141 N. Y. Supp. 762.

[1] It seems clear that under section 51 of the General Municipal Law an action to require restitution may be brought in form of a taxpayer's action, and the point that is seriously disputed by the defendants is whether the action is properly brought against them. At the time of the passage of said resolution by the board of supervisors, the defendant Timothy M. Griffing was counsel to said board and also county judge of Suffolk county, so that, whether or not he procured the passage of said resolution, he at least had full knowledge of the same, and the purport thereof. Said section 51 of the General Municipal Law provides that an action may be prosecuted and maintained against all officers, agents, commissioners, and all other persons acting or who have acted for and on behalf of any county, town, village, or municipal corporation in this state, and each and every one of them may be prosecuted, and an action may be maintained against them to prevent waste or injury, or to restore and make good any property, funds, or estate of such county; and such statute further provides that the court shall enforce the restitution and recovery thereof if heretofore or hereafter paid, and may also in its discretion adjudge and declare the colluding or defaulting official personally responsible therefor. The statute is remedial, and to be construed for the purpose of protection of the taxpayers. See Queens County Water Co. v. Monroe, 83 App. Div. 105, 82 N. Y. Supp. 610; Board of Supervisors v. Ellis, 59 N. Y. 620; Schneider v. City of Rochester,

160 N. Y. 165, 54 N. E. 721; Sanders v. Downs, 141 N. Y. 422, 36 N. E. 391.

Under a fair construction of the statute and decisions it seems clear that the above defendants are included within the meaning thereof. See Wakefield v. Brophy, 67 Misc. Rep. 298, 122 N. Y. Supp. 632; Board of Supervisors v. Ellis, supra.

The evidence in this case discloses the following facts: That the defendant Timothy M. Griffing, the then county judge of Suffolk county, at the time of the passing of said resolution by the board of supervisors, was counsel to said board, and also during the times the payments were made under said resolution, and that the defendant Robert P. Griffing is the son of said Timothy M. Griffing, and was designated and employed by said Timothy M. Griffing, as a clerk, and that as such he was paid by his father the sum of $50 per month, or an amount of some $8 in excess per month of the amount mentioned in said resolution paid from the county funds. It is not disputed that the work performed by said clerk was of a personal nature, and that the defendant Robert P. Griffing performed the work for his father, the defendant Timothy M. Griffing.

The moneys for the first two years it is admitted were paid direct to the defendant Timothy M. Griffing, and for the following three years they were paid on his certificate or by his order; that is, he certified for them and disposed of them. Both defendants admit that due demand has been made upon them for the return of the moneys which it is claimed were illegally received pursuant to said resolution of the board of supervisors, and that the demand has not been complied with.

The defendant Robert P. Griffing admits the receipt of the moneys, and that the same were paid for services actually rendered to his father, the defendant Timothy M. Griffing. If it be found that the payments under said resolution were illegal, then the defendant Robert P. Griffing, as the recipient or receiver of said fund, is in no position to escape an accounting under the authorities, and at the same time it is obvious that the defendant Timothy M. Griffing, if he received the money, or disposed of it for services rendered to him, received its value in services rendered, or the benefit of said payments, and is likewise liable with the defendant Robert P. Griffing to make restitution.

[2] Counsel for the defendant Timothy M. Griffing insists that the plaintiffs have made strenuous efforts to fasten the transaction complained of on the wrong party, and that by no sound reasoning can the board of supervisors and the county treasurer be omitted, if this action is maintainable against the defendant Timothy M. Griffing. It may be that the board of supervisors and the county treasurer are proper parties defendant, but certainly not necessary parties, as under the statute the plaintiffs are clearly authorized to bring the action for moneys illegally had and received, which clearly indicates that the action is maintainable to compel restitution from the defendants. McNeil v. Board of Supervisors, 123 App. Div. 622, 108 N. Y. Supp. 178.

Judgment ordered in favor of plaintiffs and against the defendants requiring the said defendants to pay the sum of $2,500 into the county funds of Suffolk county, with costs of the action to the plaintiffs.

Judgment accordingly.