58

## POTTS v. VILLAGE OF HAVERSTRAW.
### No. 202.

Circuit Court of Appeals, Second Circuit.
Feb. 26, 1940.

Lynch & Cahn, of White Plains, N. Y. (Monroe J. Cahn, of White Plains, N. Y., of counsel), for appellant.

Kellogg, Emery & Inness-Brown, of New York City (David Paine, James F. Dwyer, and Harold Kronig, all of New York City of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This action comes to us now upon a third appeal, this time by the defendant from a judgment in favor of the plaintiff on a quantum meruit. On the first appeal (2 Cir., 79 F.2d 102) we held that the contract of July 2, 1928, was invalid, because it had been executed before the resolution of the trustees was passed on September 4, 1928, or had been ratified by referendum of September 20th; but we suggested that possibly the plaintiff might recover on a quantum meruit. On the second appeal (2 Cir., 93 F.2d 506) we held that he was not necessarily barred by the Statute of Limitations (Civil Practice Act N.Y. § 48, subd. 1) because on the trial it might appear that his work had not been terminated more than six years before he amended his complaint; and because § 89(21) of the Village Law (Consol.Laws, c. 64) did not prevent a claimant from "presenting" a "bill or account" after the original cause of action had been dismissed, or from introducing by amendment a new cause of action thirty days thereafter. On the third trial the judge took a verdict upon a quantum meruit, in which he left it to the jury to appraise the value of the plaintiff's services from the beginning of his actual work, August 8, 1928, down to the time when the village by resolution finally discontinued the undertaking on February 10, 1931. The case comes to us under Rule 75(d), 28 U.S.C.A. following section 723c; that is, not upon "the complete record and all the proceedings and evidence in the action"; and the defendant, as required, served with its designation "a concise statement of the points on which" it "intends to rely on appeal." These are three.

1. That the filing by plaintiff with the defendant of the notices of claim upon which the action is founded under the amended and second amended complaints, subsequent to the actual commencement of the action, was an insufficient compliance with the requirements of subdivision 21 of section 89 of the Village Law of the State of New York.

2. That no recovery could be had by plaintiff on quantum meruit since the services for which recovery was sought had admittedly been rendered under and pursuant to the contract of July 2, 1928, adjudged by the United States Circuit Court of Appeals for the Second Circuit to be an illegal contract.

3. That any recovery by the plaintiff was barred by the statute of limitations for the reason that none of the services had been rendered by plaintiff after June 8, 1930, six years before the motion to amend the complaint, made June 8, 1936.

■ The first point is frankly an effort to persuade us to overrule what we decided on the second appeal; especially because of McGovern v. New York, 272 N.Y. 455, 3 N.E.2d 866. The language of the statute there involved was not literally the same as § 89(21) of the Village Law, but nothing turns on the difference. If the original complaint at bar for damages for breach of contract was the same "action" as that in which the judgment was rendered, the plaintiff never fulfilled the necessary condition precedent of "presenting" a "bill or account" before "bringing" his "action" for services rendered. But if the "action" for services was not "brought" until the plaintiff moved to amend the complaint on June 8, 1936, then he did fulfill that condition on April 15, 1936, when he "presented" a "bill or account". He could of course have "submitted to a non-suit" after our first decision (Civil Practice Act, § 457); and he could then have begun a new action thirty days after April 15th. That would have involved the payment of costs, to be sure, but the defendant could have brought up the payment of costs, and perhaps did, when the plaintiff moved to amend. The question, as we see it, is only whether the plaintiff was forced to proceed in that form, although the practical difference between it and the course he took was nil, since the defendant had exactly the same defences in either event. We do not believe that the law of New York makes crucial so empty a technicality; or that McGovern v. New York, supra, 272 N.Y. 455, 3 N.E.2d 866, must be stretched so far. That case was very different on its facts. There could be no doubt that the summons was intended to "bring" an "action" upon the "bill or account" that had just been "presented", though it might, and in fact did, include other causes of action as well. There could also be no doubt in the case at bar that the "action brought" on June 12, 1931, did not include services, because the complaint was served along with it. The rule is admittedly a harsh one, and we see no reason to extend it beyond the use for which it was intended, which does not include this situation.

■ The second question is whether, since the contract of July 2, 1928, was unauthorized when made, because of § 128-a of the Village Law, the plaintiff can recover for any services rendered under it. We have no doubt as to those rendered after September 20, 1928, when the trustees' resolution was ratified. Thereafter, the trustees certainly had authority to present an application to the Water and Power Commission, and to employ competent help in preparing it. The fact that there had been an earlier unauthorized attempt to contract with the person so employed, did not prevent the law from raising an obligation to pay him; contract or no contract, he was in fact employed. It is true that there was no contract implied in fact; the village supposed that its promise in the express contract was valid and so did the plaintiff; but, it is precisely when both parties are mistaken, that the law raises an obligation ex aequo et bono in its place. Restatement of Restitution, § 53(1) (b). Nevertheless, there is some doubt about the recovery for those services rendered from August 8, 1928, until September 4th, and perhaps until September 20th. While it is true that, if the controversy arises between two individuals, the promisee can recover for the whole benefit which the promisor receives, that is not necessarily true in the case of a municipality. Section 128-a may invalidate, not only the attempted contract itself, but any obligation arising out of the transaction, for which the village does not provide in advance; there are authorities seeming to hold that it cannot then make itself liable in any way for such expenses. Donovan v. Mayor, 33 N.Y. 291; McDonald v. Mayor, 68 N.Y. 23, 23 Am.Rep. 144; Wakefield v. Brophy, 67 Misc. 298, 122 N.Y.S. 632, affirmed Wakefield v. Gaynor 144 App.Div. 905, 128 N.Y.S. 1149, affirmed 207 N.Y. 772, 101 N.E. 1125. We are not perfectly clear that this doctrine is as absolute as these cases make it seem (Coggeshall v. Hennessey, 279 N.Y. 438, 443, 444 18 N.E.2d 652), but we will assume that it is. We will also assume, contrary to the plaintiff's argument, that the referendum did not ratify the employment either from August 8th, or from September 4th, though it is hard

to see why it did not at least ratify the resolution. We may so proceed because the second of the defendant's three points on appeal is that the plaintiff cannot recover anything whatever for services rendered under the "illegal contract"; and that is certainly untrue as to those rendered after September 20th. If so, we need not decide whether the judge was right in letting the jury appraise the services rendered before that day.

The third question is of the Statute of Limitations. The defendant has misunderstood our former ruling. We did not hold that the plaintiff was obliged to prove that he performed any services within six years of the amendment to his complaint. We said that he was in the same position as an attorney, who need not sue until the job is over; that is, until he has been discharged, or otherwise learns that he will not be required to do anything more. The village never informed the plaintiff that his employment was at an end until February 10, 1931, and he had no reason to speculate as to whether it would further prosecute the application to the commission and go on with the work. At least a jury might have found for him on that issue, so that we cannot say as matter of law that the statute had run when he applied for leave to amend his complaint.

Judgment affirmed.