In the Matter of WINTHROP TAYLOR, Appellant-Respondent, against LOUIS V. VION, as Assessor of the Town of Smithtown, et al., Respondents-Appellants.— Appeal by petitioner from nine final orders and judgments in tax certiorari proceedings, all of which confirmed the report of the Official Referee, to whom the matters had been referred to hear and report. In two of the proceedings, the assessments were permitted to stand, without change, and costs were granted against petitioner. In five of the proceedings, the assessments were reduced, and costs were granted against petitioner. In the other two proceedings, the assessments were reduced, and costs were granted to petitioner. Appeal by the assessor and board of review of the town of Smithtown from an order dated January 28, 1954, granting petitioner $8,500 for attorneys' services and $1,000 for services of an expert, pursuant to section 292-a of the Tax Law, being the reasonable expenses incurred in making proof of the ratio which the assessed value of the real property bore to its full value. Order dated January 28, 1954, unanimously affirmed, without costs. No opinion. Final order and judgment with respect to the 5.5-acre parcel for 1950–1951, unanimously affirmed, without costs. No opinion. The other final orders and judgments are modified on the law and the facts as follows: 5.5-acre parcel for 1951–1952 by reducing the land assessment to $3,500, making a total assessment of $15,500; by striking out the provision for costs against petitioner and by granting costs to petitioner; 5.5-acre parcel for 1952–1953 by reducing the land assessment to $4,375, making a total assessment of $16,375; by striking out the provision for costs against petitioner and by granting costs to petitioner; 10.5-acre parcel for 1950–1951 by striking out the provision for costs against petitioner; 10.5-acre parcel for 1951–1952 by reducing the assessment to $4,350; 10.5-acre parcel for 1952–1953 by reducing the assessment to $4,350; by striking out the provision for costs against petitioner and by granting costs to petitioner; 37-acre parcel

for 1950–1951 by striking out the provision for costs against petitioner; 37-acre parcel for 1951–1952 by reducing the assessment for land to $12,400, making a total of $17,300; by striking out the provision for costs against petitioner and by granting costs to petitioner; 37-acre parcel for 1952–1953 by striking out the provision for costs against petitioner and by granting costs to petitioner. As so modified, said final orders and judgments are unanimously affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, the assessments were excessive for the parcels in the respective years for which the court has made reductions. Where the reductions in the assessments are more than 50% of the reduction claimed by petitioner, costs to petitioner are mandatory. (Tax Law, § 294.) Where the reductions in the assessments are less than 50% of the reduction claimed by petitioner, costs are within the discretion of the court. The Official Referee recommended that costs be granted to petitioner in these cases. It was an improvident exercise of discretion by Special Term to strike out this grant of costs. In any event, the statute in question does not authorize the award of costs against petitioner either where the reductions in the assessments are less than 50% of the reduction claimed by petitioner, or where the assessments are confirmed. (*People ex rel. City of New York* v. *Keeler*, 205 App. Div. 467, mod. on other grounds, 237 N. Y. 332; *People ex rel. Niagara Falls Co.* v. *Russell*, 57 Hun 53.) Present — Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ. Settle orders of modification on notice. [See *post*, p. 1184.]